**FIRST MISSOURI BANK OF ST. FRANCOIS COUNTY,**
Plaintiff-Respondent,

v.

**Harry D. PATTERSON,**
Defendant-Appellant.

No. 49139.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied
Oct. 16, 1985.

David J. Kueter, Steelville, Lester W. Duggan, St. Peters, for defendant-appellant.

Eric Charles Harris, Flat River, for plaintiff-respondent.

KAROHL, Judge.

Defendant-appellant, Harry D. Patterson, appeals from an order of the Circuit Court of Washington County entered on August 6, 1984 overruling defendant's motion to set aside a judgment which was entered by default on March 31, 1981 in favor of plaintiff-respondent, First Missouri Bank of St. Francois County.

Plaintiff filed a two Count petition against defendant on November 11, 1980. In Count I for possession of an automobile or in the alternative the value thereof, plaintiff alleged defendant executed and delivered to plaintiff a promissory note in the amount of $13,889.30 and a security agreement on a 1979 Lincoln four-door Sedan Collector's Series automobile. Plaintiff further alleged the amount owed as of November 10, 1980 was $14,477.51, including accrued and unpaid interest. In the prayer for Count I plaintiff sought possession of the automobile, "and in case a delivery of the property cannot be had," plaintiff prayed judgment for $14,477.51, "the value thereof, and its costs." Count II was a suit on the note and alleged default and prayed judgment for $14,477.51, "plus accrued interest thereon from November 10, 1980 until judgment at the rate of 12.6%, court costs, legal expenses and reasonable attorney's fees, plus interest from the date of judgment until fully paid, and for such other and further orders as to the Court may seem meet and just in the premises."

On March 31, 1981 the court found defendant to be in default for the principal sum, interest, attorney's fees and court costs for an aggregate judgment of $17,-

427.54. The court ordered "further Plaintiff have and recover of Defendant the 1979 Lincoln 4-door Sedan ... and that the Sheriff of Washington County, Missouri is hereby ordered to levy upon and take possession of said automobile on behalf of Plaintiff." The automobile was subsequently sold at a Sheriff's sale for $9,350.00.

Defendant filed a motion to set aside the judgment on March 29, 1984. Rule 74.32. The motion was heard and overruled on August 6, 1984. It is from that order defendant appeals.

Defendant's sole point on appeal is that the trial court erred in overruling his motion to set aside judgment because the petition and the judgment were inconsistent and the default judgment was other or greater than that which was demanded in the petition.

Setting aside a default judgment is a matter left to the discretion of the trial court and its ruling is to be interfered with by the appellate court only for abuse of discretion and the discretion not to set aside is a good deal narrower than the discretion to set aside. *Murray v. Sanders*, 667 S.W.2d 426, 427 (Mo.App.1984). Appellate courts are more likely to interfere when the trial court has denied the motion to set aside than when it has granted the same. *Id.*

It is evident that the judgment entered exceeded the prayer. § 511.160 RSMo 1978; Rule 74.11; *Rook v. John F. Oliver Trucking Co.*, 505 S.W.2d 157, 160 (Mo.App.1973). Although plaintiff concedes it has not attempted to collect an amount greater than $17,427.54 plus costs, the judgment nevertheless orders payment of the sum of $17,427.54 *and* possession of the automobile in plaintiff. The pleadings clearly do not ask for such relief. The rule that a judgment by default should not exceed the prayer is well established in our law. "A defendant may desire to let judgment go by default when he is aware of the limit on the amount of damages claimed in the prayer, but would not be so desirous if

he could be subjected to a judgment in a sum exceeding the amount of relief prayed for." *Rook*, 505 S.W.2d at 161. We find the trial court that entered the default judgment exceeded its jurisdiction (in the sense of authority to act) when it ordered the money judgment and possession of the automobile in plaintiff.

The order of the circuit court overruling defendant's motion to set aside the default judgment is affirmed in part and reversed in part. The cause is remanded with directions to enter judgment in the amount supported by the evidence and not exceeding the prayer, $17,427.54. *See Rook*, 505 S.W.2d at 162. The record will then reflect a credit due defendant as a result of the execution sale.

PUDLOWSKI, P.J., and GAERTNER, J., concur.