**Louise Ann PICOU,
Petitioner–Appellant,**

v.

**Charles Louis PICOU, Sr., Respondent.**

No. 57328.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 30, 1990.

Kenneth C. McManaman, Kathleen A. Wolz, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, Douglas Patrick Dowd, Dowd & Dowd, St. Louis, for petitioner-appellant.

Robert R. Peura, Ste. Genevieve, for respondent.

SMITH, Presiding Judge.

Louise Picou (mother) appeals from an order of the trial court modifying a prior decree of dissolution. Specifically she appeals from that portion of the order requiring her to pay attorney's fees of $450.00 and court costs.

Father filed the motion to modify the decree to remove his obligation to support a daughter he claimed was emancipated. After much delay and a change of judge mother filed a verified answer admitting that emancipation had occurred prior to the date of the filing of father's motion for modification. The answer was filed the day before a scheduled hearing on the motion. The answer was accompanied by a letter from counsel advising that because of a conflict he would not attend the hearing. Neither mother nor her attorney appeared at the hearing. Father's motion contained no request for attorney's fees or costs but only the language praying for "such other and further orders that the Court deems just and proper in the circumstances". No oral request for attorney's fees or costs was made at the hearing on the motion.

█ It is well established that relief granted on default may not be "other or greater than that which he shall have demanded in the petition as originally filed and served on defendant". *In the Estate of Scholz*, 615 S.W.2d 459 (Mo.App.1981) [1, 2]; *Govero v. Govero*, 579 S.W.2d 152 (Mo.App.1979) [1]; *Rook v. John F. Oliver Trucking Company*, 505 S.W.2d 157 (Mo.App.1973) [3]. In *King v. King*, 694 S.W.2d 278 (Mo.App.1985) [2] and *Haubein v. Haubein*, 726 S.W.2d 433 (Mo.App.1987) [5] it was stated that attorney's fees could be awarded in a dissolution case even though not prayed for in the petition *provided* the parties are afforded adequate notice and a full opportunity to be heard. Mother had no notice that attorney's fees were contemplated or would be considered in this case. The trial court lacked the authority to make such an award in the absence of notice to mother. The award of attorney's fees is reversed.

█ The same result does not flow as to court costs. Rule 77.01 provides that in civil actions "the party prevailing shall recover his costs against the other party, unless otherwise provided in these rules or by law." That rule provides notice that court costs will be awarded against a party in default. Court costs are analogous to prejudgment interest and are covered by the general prayer for further relief. *Stern Fixture Co. v. Layton*, 752 S.W.2d 341 (Mo.App.1988) [6, 7].

Award of attorney's fees reversed, order of modification is otherwise affirmed.

GRIMM and CARL R. GAERTNER, JJ., concur.