Eric JEW, Plaintiff/Respondent,

v.

HOME DEPOT USA, INC.,
Defendant/Appellant.

No. ED 82567.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 20, 2004.

Dennis J. Flavin, Derald L. Gab, P.C., St. Louis, MO, for respondent.

Jeffery T. McPherson, Cynthia A. Sciuto, Armstrong Teasdale, St. Louis, MO, for appellant.

KATHIANNE KNAUP CRANE, Judge.

Defendant appeals from the trial court's denial of its Rule 74.05(d) motion to set aside a default judgment entered against it in the amount of $250,000 on a petition that requested damages in an amount "less than $75,000." We hold that the trial court did not abuse its discretion in denying the motion to set aside because defendant failed to support its claim of a meritorious defense; however, the trial court did not have jurisdiction to enter a judgment in excess of $74,999. We reduce the award of damages to $74,999, and affirm as so modified.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Eric Jew, filed a lawsuit against defendant, Home Depot USA, Inc., to recover damages for personal injuries suffered at defendant's store on South Kingshighway in the City of St. Louis. He prayed for a judgment in his favor "in an amount of money in excess of $25,000 and less than $75,000." The sheriff of the City of St. Louis filed a proof of service showing service on "Linda Logan – mgr" at "Home Depot" on South Kingshighway on August 23, 2001. Four months later, after defendant failed to file an answer or appear, plaintiff filed a motion for judgment in his favor in the amount of $74,999. The circuit court minute entries indicate that the circuit clerk's office subsequently mailed notices to "Home Depot USA Inc." on January 8, 2002, February 20, 2002, April 16, 2002, May 23, 2002, July 17, 2002, September 4, 2002, and October 16, 2002.

The trial court heard the motion for a default judgment on October 18, 2002. Plaintiff testified to his injuries and medical treatment. He testified that his health care bills were $3,315, and that he expect-

ed to require additional medical care in the future. Plaintiff thereafter orally moved to amend his prayer for damages to eliminate the phrase "less than $75,000," and asked the court to enter a judgment in the amount of $250,000. The trial court entered judgment in plaintiff's favor in the amount of $250,000 on October 18, 2002.

On November 27, 2002, defendant filed a motion to set aside the default judgment pursuant to Rule 74.05(d) on the grounds that its failure to answer or otherwise appear was inadvertent and not intentionally or recklessly designed to impede the judicial process and that it had a meritorious defense. Defendant's corporate counsel filed a supporting affidavit verifying "that the statements set forth in Home Depot's Motion to Set Aside Default Order and Judgment, filed herewith, are true and correct." The remainder of the affidavit attested that defendant had no employee named "Linda Hagens" at its South Kingshighway store.[1] No other affidavit was filed. The trial court denied the motion for the reason that "Home Depot has not filed an affidavit or presented testimony in support of the grounds asserted in support of its motion," and "therefore failed to meet its burden of proof."

*DISCUSSION*

A. *Motion to Set Aside the Default Judgment*

■ For its first point, defendant asserts that the trial court abused its discretion in denying its motion to set aside the default because it established both good cause and a meritorious defense.

■ Rule 74.05(d) allows a default judgment to be set aside "upon motion stating facts constituting a meritorious defense and for good cause shown." The decision

on a motion to set aside a default judgment lies within the trial court's discretion. *Yerkes v. Asberry,* 938 S.W.2d 307, 309 (Mo.App.1997). We will not reverse the trial court's decision unless the record indicates an abuse of discretion. *Id.* However, the discretion not to set aside a default judgment is narrower than the discretion to set it aside, and we are more likely to interfere when a trial court has denied a motion to set aside. *Id.*

■ The motion to set aside must allege facts that demonstrate a defendant's reasonable diligence or good cause for the default and the existence of a meritorious defense. Rule 74.05(d); *Great Southern Savings & Loan Ass'n v. Wilburn,* 887 S.W.2d 581, 583 (Mo. banc 1994). A motion to set aside does not prove itself. *Gorzel v. Orlamander,* 352 S.W.2d 675, 678 (Mo.1961). The motion must be verified or supported by affidavits or sworn testimony. *Id; Hinton v. Proctor & Schwartz, Inc.,* 99 S.W.3d 454, 458 (Mo.App.2003). A defendant is not entitled to have a default judgment set aside if the motion to set aside a default judgment lacks facts relevant and material to a showing of good cause and a meritorious defense. *Bredeman v. Eno,* 863 S.W.2d 24, 26 (Mo.App. 1993). "When the meritorious defense is factual in nature, the party in default should recite particular facts, which if proved, would constitute a meritorious defense." *Id.* Factual detail is required so that the court may judge whether the defense is meritorious and sufficient. *Gorzel,* 352 S.W.2d at 678.

Defendant argues that it has a meritorious defense because an eyewitness exists who refutes plaintiff's account of his injury. The affidavit does not mention the eyewitness. The motion, which was veri-

---

1. Defendant originally interpreted the handwriting on the sheriff's return to indicate a "Linda Hagens" was served rather than "Linda Logan."

fied by the affidavit, *see State v. Bray,* 818 S.W.2d 291, 295 (Mo.App.1991), recites solely that "an eyewitness refutes plaintiff's claim." The allegation that "an eyewitness refutes plaintiff's claim" fails to satisfy the pleading requirements of Rule 74.05(d). It does not contain sufficient detail for a court to evaluate whether the defense has merit. *See Gorzel,* 352 S.W.2d at 678. Further, it is conclusory because it fails to state what the eyewitness saw or other facts from which that conclusion can be drawn. *See Crain v. Crain,* 19 S.W.3d 170, 175 (Mo.App.2000). In addition, this statement was necessarily based on hearsay. *See Ward v. Cook United, Inc.,* 521 S.W.2d 461, 472 (Mo.App.1975). It was not supported by an affidavit or testimony from the eyewitness who had personal knowledge. *See Id.; Estep v. Atkinson,* 886 S.W.2d 668, 674 (Mo.App.1994); *Hinton,* 99 S.W.3d at 459. The trial court did not abuse its discretion in finding that defendant had not supported its claim of a meritorious defense on this basis.

■ In its first point defendant also claims that it had a meritorious defense to the damage claim because plaintiff's damages were not supported by substantial evidence. Even if the amount of damages can be challenged in a proceeding to set aside under Rule 74.05 on non-jurisdictional grounds, a question we do not decide, defendant's motion and affidavit did not address damages in any way and in particular did not claim a meritorious defense to the amount of damages. Although failure of the evidence to support the amount of damages was subsequently brought to the court's attention by way of a reply memorandum of law, this does not cure the failure of the motion to state facts as required by Rule 74.05, and further the damage issue was not presented in the context of a meritorious defense. This issue is not preserved for our review. *Crain,* 19 S.W.3d at 175.

Because the motion did not contain sufficient facts to support the claim of a meritorious defense, we do not need to determine whether the motion properly alleged and supported a claim of good cause for the default. *Bredeman,* 863 S.W.2d at 26. Point one is denied.

B. *Damages in Excess of Petition*

■ For its second point defendant contends that the trial court erred in awarding $250,000 in damages because the petition only requested damages in an amount "less than $75,000". This is a claim that the court exceeded its jurisdiction in the sense that it had no authority to act. *First Missouri Bank of St. Francois County v. Patterson,* 696 S.W.2d 800, 801 (Mo.App.1985); *Picou v. Picou,* 800 S.W.2d 754, 755 (Mo.App.1990). The question of whether a default judgment should be vacated because it was void on jurisdictional grounds is a question of law that we review de novo. *Smith v. Square One Realty Co.,* 92 S.W.3d 315, 316 (Mo.App. 2002). Subject matter jurisdiction may be raised at any time during the proceedings, including for the first time on appeal. *Commercial Bank of St. Louis Co. v. James,* 658 S.W.2d 17, 21 (Mo. banc 1983); *Brunig v. Humburg,* 957 S.W.2d 345, 348 (Mo.App.1997). Even if not raised by a party, we may examine subject matter jurisdiction *sua sponte. Commercial Bank,* 658 S.W.2d at 21.

In his petition, plaintiff prayed for "the judgment of this Court in his favor and against defendant Home Depot U.S.A., d/b/a Home Depot, in an amount of money in excess of $25,000.00 and *less than $75,000.00* that will fairly and justly compensate him or his injuries and damages herein, his costs expended herein, and whatever other relief this Court deems

just and proper." (Emphasis added). Further, in his Motion for Judgment, plaintiff prayed for "$74,999.00, plus his costs expended herein, and for whatever other relief this Court deems just and reasonable."

Relief granted on default may not be other or greater than that which plaintiff demanded in the petition as originally filed and served on defendant. Section 511.160 RSMo (2000); *LaPresto v. LaPresto,* 308 S.W.2d 724, 726 (Mo.1957); *Kocsis v. Kocsis,* 28 S.W.3d 505, 509 (Mo. App.2000); *Picou,* 800 S.W.2d at 755; *Patterson,* 696 S.W.2d at 801. Section 511.160 is designed to prevent a plaintiff from taking advantage of a defendant, even one who has ignored a summons. *LaPresto,* 308 S.W.2d at 728. The petition must reasonably notify the defendant of the demand so the defendant would know the consequences of a default. *Id.* The theory underlying the strictness of section 511.160 "is the defendant in default is willing to have the plaintiff granted the relief his petition asked, but no intendment can be indulged that he is willing for other relief to be granted." *White v. McFarland,* 148 Mo.App. 338, 128 S.W. 23, 27 (1910); *See also Patterson,* 696 S.W.2d at 801.

A prayer for such other relief that the court deems just and reasonable does not allow an award or relief on default other or greater than originally demanded. *See Picou,* 800 S.W.2d at 755. Rule 55.33(b), which allows pleadings to be amended to conform to the evidence, does not apply in default proceedings. *LaPresto,* 308 S.W.2d at 726–27; *Servco Equipment Co. v. C.M. Lingle Co.,* 487 S.W.2d 869, 871–72 (Mo.App.1972). The trial court lacked subject matter jurisdiction to enter a judgment in excess of the amount requested in the original petition. Point two is granted.

The judgment of the trial court is reduced to $74,999 and affirmed as so modified.

GLENN A. NORTON, P.J. and MARY K. HOFF, J. concur.