Lonnie SNELLING, Appellant,

v.

RELIANCE AUTOMOTIVE, INC.,
et al., Respondents.

No. ED 84223.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 28, 2004.

Lonnie Snelling, St. Louis, pro se.

Stephen J. Nangle, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Appellant Lonnie Snelling ("Plaintiff") appeals the order granting a motion to set aside default judgment against Reliance Automotive, Inc. & Employees ("Defendants"). We reverse and remand with directions.

Plaintiff originally filed this action in June 2003 in the St. Louis City Circuit Court against Defendants and other co-defendants who are not currently a party to this appeal.[1] On July 15, 2003, proof of service on Defendants was filed with the court. On July 31, 2003, Defendants' attorney ("Attorney") filed his entry of appearance on behalf of Defendants. At the same time, Attorney requested additional time to answer the petition. This request was not granted. Defendants did not file any answer or other responsive pleading with the court until they filed a combined motion to dismiss for failure to state a claim or a motion for a more definite statement. This motion was filed on September 5, 2003, fifty-three (53) days after Defendants were served with the petition.

On September 23, Plaintiff moved for default judgment as to his claim against both Defendants and the other co-defendants. Notice was appropriately given to all parties. Three days later, the court granted the default judgment against the co-defendants, but the cause remained pending as to the Defendants. On October 10, Defendants objected to Plaintiff's discovery request. Then, on October 15, Plaintiff filed a motion for default judgment against Defendants pursuant to Missouri Rule of Civil Procedure 55.25(a)[2] for failing to file an answer within thirty (30)

---

1. Plaintiff separately appealed the setting aside of a default judgment against Roy's Transmission, Inc. and Roy DeBose, co-defendants in the original petition. In a separate opinion, this Court also reversed and remanded with directions to reinstate the default judgment. *Snelling v. Roy's Transmission, et al.*, No. ED84442, 144 S.W.3d 919, 2004 WL 2159002 (September 28, 2004).

2. All rule references are to Mo. R. Civ. P. as of March 1, 2004, unless otherwise indicated.

days after the service of the petition. There is no showing in the record, however, that Defendants were served a copy of the motion or received notice of the motion or the resulting hearing in any way. Defendants claim they did not receive notice of the hearing within the timeliness provisions of Rule 44.01, but Plaintiff claims they did receive notice, though he has offered no evidence to support this contention.

On October 31, 2003, the trial court granted Plaintiff's motion for default judgment against Defendants in the amount of $209.61. Thirty days later, on December 1, the judgment became final, and a cost bill was subsequently sent to Attorney. On December 9, Attorney filed a handwritten motion to set aside the default judgment. The motion was called, heard, submitted, and granted on January 23, 2004. This appeal followed.

▮ In reviewing the trial court's decision on a motion to set aside a default judgment, we will affirm the decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Winsor v. Terex–Telelect Inc.*, 43 S.W.3d 460, 464 (Mo.App.2001). A motion to set aside a default judgment is governed by the sound discretion of the trial court, and this court will interfere with that discretion only if the record convincingly demonstrates abuse. *Klaus v. Shelby*, 42 S.W.3d 829, 831 (Mo.App.2001). We recognize that this court affords the trial court broad discretion in granting a motion to set aside a default judgment but provides closer scrutiny to that discretion when the trial court denies such a motion. *Hinton v. Proctor & Schwartz*, 99 S.W.3d 454, 458 (Mo.App.2003). In general, our judicial system holds a distaste for default judgments, and this court favors a trial on the merits. *See id.*; *Klaus*, 42 S.W.3d at 831.

▮ In his first point, Plaintiff claims that the trial court erred when granting the motion to set aside default judgment because the trial court lacked jurisdiction to entertain the motion under Rule 75.01 as the motion was filed more than thirty days after default judgment was entered. We disagree. Generally, a trial court loses control over its judgment thirty days after entry of judgment. *See* Rule 75.01. There are, however, exceptions to this rule. "Supreme Court Rules 74.05, 74.06, and 75.01 each provide procedural means by which to set aside judgments, each rule having its own standard for relief." *Cotleur v. Danziger*, 870 S.W.2d 234, 236 (Mo. banc 1994). The granting of the motion to set aside the default judgment was accomplished under the authority of Rule 74.05(d), which extends the length of time for which the trial court has jurisdiction to set aside a default judgment. Rule 74.05 provides that the party filing the motion to set aside shall do so "within a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d); *see Thompson v. St. John*, 915 S.W.2d 350, 357 (Mo.App.1996).

Plaintiff's reliance on *St. Louis County v. Taggert*, 809 S.W.2d 476 (Mo.App.1991), and *Lake Thunderbird Property Owners Ass'n, Inc. v. Lake Thunderbird, Inc.*, 680 S.W.2d 761 (Mo.App.1984), is misplaced. In *Taggert*, this court held that a trial court's order setting aside a default judgment was not appealable because the order was entered only three days after the entry of default judgment. 809 S.W.2d at 478. Since the default judgment was not yet final, setting aside the judgment was a discretionary act within the trial court's control from which no appeal lies. *Id.* This court in *Lake Thunderbird* made only a general statement about the trial court

losing jurisdiction over thirty days after the entry of judgment. 680 S.W.2d at 763. The case does not discuss default judgments, and thus, it is inapplicable.

The default judgment was entered on October 31, 2004, and it became final thirty days later on December 1. On December 9, the Attorney filed his motion to set aside the default judgment. Rule 74.05 allows the trial court judge the authority to set aside a final default judgment within a reasonable time, which can include up to one year. Plaintiff's first point is denied.

██ In his second point, Plaintiff argues that the trial court erred in granting the motion to set aside default judgment because Defendants failed to show good cause and failed to state a specific recitation of particular facts which, if proven, would constitute a meritorious defense as is required by Rule 74.05(d). Rule 74.05(d) requires the "assertion of sufficient facts to constitute both a meritorious defense and good cause shown." *H.J.I. by J.M.I. v. M.E.C.*, 961 S.W.2d 108, 118 (Mo. App.1998). The rule allows the trial court to set aside a default judgment "upon motion stating facts constituting a meritorious defense and for good cause shown," but only if both conditions are met. Rule 74.05(d).

██ "A defendant seeking to set aside a default judgment, although not required to present extensive evidence or a full-blown defense, is required to make some showing to the court of at least an arguable theory of defense." *Newton v. Manley*, 824 S.W.2d 522, 525 (Mo.App. 1992). The meritorious defense requirement is satisfied if the defaulting party "sets forth allegations which, if supported by evidence found credible by the factfinder, would defeat the plaintiff's claim." *Winsor*, 43 S.W.3d at 466. A defense need not be conclusively proven; rather, "[i]t is enough that some showing be made of the

existence of at least an arguable theory from which a defense may be made." *See Newton*, 824 S.W.2d at 525. However, "[a] motion to set aside a judgment cannot prove itself. The motion must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion." *Hinton*, 99 S.W.3d at 458 (citations omitted).

Defendants' amended motion to set aside default in this case sets forth only conclusory statements of defenses without any facts to support the allegations. Defendants merely make a conclusory statement that they "have meritorious defenses to the Petition regarding proximate causation of the damages alleged" and that they had filed a motion to dismiss earlier in the case. While these may be facts, the motion does not "state facts constituting a meritorious defense," nor does it offer any evidence in support of the claim. Because Defendant's motion failed to state facts constituting a meritorious defense, we need not address Plaintiff's contention that it failed to state facts constituting good cause.

While we recognize that default judgments are generally disfavored, we find that the trial court abused its discretion in setting aside the default judgment because there was no evidentiary basis to support a finding of a meritorious defense. The judgment is therefore reversed, and the cause is remanded for entry of default judgment.

LAWRENCE. E. MOONEY, P.J., and MARY K. HOFF, J., concur.