Lonnie SNELLING, Appellant,

v.

ROY'S TRANSMISSION, INC.,
et al., Respondents.

No. ED 84442.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 28, 2004.

Lonnie Snelling, (Pro Se), St. Louis, for appellant.

Philip E. Adams, St. Louis, MO, for appellant.

Roy Debose (Pro Se), Roy's Transmission, Inc. (Pro Se), St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, P.J.

The plaintiff, Lonnie Snelling, appeals from the trial court's grant of a motion to set aside a default judgment filed by Roy's Transmission and its owner, Roy Debose. Because the allegations by Roy's Transmission and Roy Debose in their motion to set aside, even if proven, were insufficient to establish the requisite good cause to set aside a default judgment, we reverse the judgment of the trial court and remand the cause for entry of default judgment.

The plaintiff filed a four-count petition naming "Reliance Automotive, Inc. & Employees," Roy's Transmission, and Roy Debose as defendants.[1] The plaintiff's cause of action arose from repairs made to his automobile. The summonses were served on Roy's Transmission and Roy Debose (hereinafter collectively defendants) on

---

1. The plaintiff separately appealed the setting aside of a default judgment against Reliance Automotive, Inc. & Employees, co-defendants in the original petition. In a separate opinion, this Court also reversed and remanded with directions to reinstate the default judgment. *Snelling v. Reliance Automotive, Inc.*, No. ED84223, 144 S.W.3d 915, 2004 WL 2158087 (September 28, 2004).

July 7, 2003. The defendants failed to file a responsive pleading. On September 23, 2003, the plaintiff filed a motion for default judgment. On September 26, 2003, the trial court entered default judgment against the defendants and awarded the plaintiff $1,155.00.

On January 29, 2004, the defendants filed a motion to set aside the default judgment. The defendants alleged that a timely answer was not filed because Roy Debose observed that "January 5, 2004" was written on the summons and he assumed that was the court date. The defendants then stated that "[b]elieving that this was the date, Defendant did not turn the summons over to his attorney until after 30 days had passed and default had been obtained." According to the defendants, the plaintiff had previously brought the same suit against them "in a lower court and no responsive pleading was required other tha[n] Defendants' appearance." The defendants asserted that Roy Debose "failed to notice that a responsive pleading was required in this case." The defendants also alleged that they had a meritorious defense because the plaintiff's action was brought beyond the 90–day warranty period for the repairs, and that the damages awarded were "grossly in excess" of the plaintiff's actual damages. The trial court granted the defendants' motion to set aside. The plaintiff appeals, raising a single point.

■ Rule 74.05(d) provides that a court may set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense and for good cause shown." We review the trial court's grant of a motion to set aside a default judgment for abuse of discretion. *Klaus v. Shelby,* 42 S.W.3d 829, 831 (Mo.App. E.D.2001).

The plaintiff argues that the trial court erred because the defendants' motion failed to recite facts that if proven would constitute a meritorious defense or good cause. The plaintiff also emphasizes that the defendants' motion was not verified or supported by affidavits or sworn testimony.

■ A motion to set aside a default judgment does not prove itself. *Jew v. Home Depot USA, Inc.,* 126 S.W.3d 394, 396 (Mo.App. E.D.2004). The motion must be verified or supported by affidavit or sworn testimony at the hearing. *Id.* Here, the defendants' motion to set aside was not verified or supported by affidavit or sworn testimony. But even if proven, the defendants' allegations of good cause are insufficient.

Rule 74.05(d) provides that "[g]ood cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process." It appears undisputed that the defendants failed to take any action within thirty days of being served. *See Krugh v. Hannah,* 126 S.W.3d 391, 393 (Mo. banc 2004). In fact, the first record of the defendants responding is their motion to set aside, which was filed more than six months after being served. In their motion to set aside, the defendants asserted that Roy Debose observed the date "January 5, 2004" was written on the summons. That date does not appear on either copy of the summonses provided to this Court.[2] Regardless, the summonses provide that the party served is required to file a pleading to the petition "all within 30 days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition." The defendants admit that Roy Debose

**2.** The defendants did not file a brief with this     Court.

"failed to notice" that a responsive pleading was required, thereby admitting that Roy Debose failed to read at least part of the summonses. At best, this represents conduct that is recklessly designed to impede the judicial process. The defendants' allegation that previously they were only required to appear and did not need to file a responsive pleading is insufficient to justify not reading the summonses. The plaintiff's point is granted.

Because the defendants' allegations in their motion, even if proven, are insufficient to establish good cause, we need not discuss whether the defendants' allegations were sufficient to show a meritorious defense. *Klaus*, 42 S.W.3d at 833.

The judgment is reversed and the cause remanded for entry of default judgment.[3]

LAWRENCE G. CRAHAN, J., and MARY K. HOFF, J., concur.

---

**3.** The defendants' motion for frivolous appeal     is denied.