186 S.W.3d 767 (2006)
In The Interest of J.P.B. and A.R.B., Respondent,
J.R.M. and K.A.M., Appellant,
v.
J.E.B. (Father), Respondent;
K.R.R. (Mother), Defendant.
No. WD 65734.
Missouri Court of Appeals, Western District.
January 10, 2006.
Motion for Rehearing and/or Transfer Denied March 28, 2006.
As Modified March 28, 2006.
*768 James A. Waits, Kansas City, MO, for J.R.M and K.A.M.
Matthew J. Hamilton, Pleasant Hill, MO, for J.E.B., respondent.
Peter A. Raith, Kansas City, MO, for K.R.R., defendant.
Anastacia R. Adamson, Kansas City, MO, for J.P.B and A.R.B, respondents.
Before: EDWIN H. SMITH, C.J., SPINDEN and HARDWICK, JJ.
Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 2006.
LISA WHITE HARDWICK, Judge.
This appeal arises from the circuit court's decision to set aside a default judgment on the adoption of two minor children, J.P.B. and A.R.B. The children's foster/adoptive parents, J.R.M. and K.A.M., contend the court erred in setting aside the adoption pursuant to Rule 74.05(d). We reverse and remand.

FACTUAL AND PROCEDURAL HISTORY
On September 18, 2004, J.R.M. and K.A.M. (Foster Parents) filed a Petition for Adoption of J.P.B. (a male child born January 15, 2000) and A.R.B. (a female child born August 22, 2001). Both children had been in protective custody with Foster Parents since February 2003, when they were removed from the home of their natural father, J.E.B. (Father), based on allegations of child abuse and other domestic violence. Father sought to be reunited with his children by participating extensively in Chapter 211 juvenile proceedings. When the efforts to reunite proved unsuccessful, the Division of Family Services recommended the termination of Father's parental rights. Foster Parents thereafter filed the Petition for Adoption, in which they alleged, pursuant to Section 453.040(7), RSMo.2000, that Father's consent to the adoption was unnecessary because he had willfully abandoned and neglected the children.[1]
The Jackson County Circuit Court issued a summons on the petition and forwarded it to the Cass County Sheriff's Department for service. The Sheriff made three attempts  on October 5, October 25, and November 2  to serve the summons on Father at his last known address on South Shimel Road in Kingsville, Missouri. The summons was returned non-est on November 2, 2004.
The circuit court granted Foster Parents' request to serve process on Father by publication. Father failed to respond *769 to the published notices. The court held a default judgment hearing and entered a final decree of adoption on December 23, 2004.
On May 3, 2005, Father filed a motion to set aside the default judgment pursuant to Rule 74.05(d). Following an evidentiary hearing, the circuit court granted the motion, finding that Father had presented good cause and a meritorious defense sufficient to set aside the adoption decree. As a part of its findings under Rule 74.05(d), the court determined Father was deprived of due process because Foster Parents "did not make an honest and reasonable effort to locate [Father]" before using substituted service by publication.[2] Foster Parents appeal from the court's "Order and Judgment."

ANALYSIS
Foster Parents contend the circuit court erred in setting aside the default judgment because Father failed to make a showing of good cause and a meritorious defense, as required by Rule 74.05(d). Foster Parents also contend the record does not support the court's finding that Father was deprived of due process because no reasonable attempt was made to notify him of the adoption proceeding. We need only address the element of meritorious defense, as that point is dispositive of the appeal.
Because the motion to set aside the default judgment was a separate proceeding filed after the adoption decree became final, our standard of review is governed by Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976). See McElroy v. Eagle Star Group, Inc., 156 S.W.3d 392, 401 (Mo.App.2005). We must affirm the circuit court's decision to set aside the default judgment unless it is unsupported by the evidence, against the weight of the evidence, or erroneously declares or applies the law. Murphy, 536 S.W.2d at 32.
Rule 74.05(d) provides that a default judgment can be set aside "[u]pon motion stating a meritorious defense and for good cause shown." Foster Parents contend Father failed to make a prima facie showing of a meritorious defense to the allegations in the adoption petition that he willfully neglected his children. Although it was not necessary to present extensive evidence or a full-blown defense, Father was required to demonstrate an arguable theory that would defeat the claim of neglect. Snelling v. Reliance Auto., Inc., 144 S.W.3d 915, 918 (Mo.App.2004). Where, as here, the defense is of a factual rather than legal nature, Father must offer particular facts, which, if proven, would constitute a meritorious defense. McClelland v. Progressive Cas. Ins. Co., 790 S.W.2d 490, 494 (Mo.App.1990).
Section 453.040(7) permits the adoption of a child without parental consent if the parent has "willfully, substantially and continuously neglected to provide ... [the] necessary care and protection" for a period of at least six months preceding the filing of the adoption petition. Neglect is typically demonstrated by a parent's failure to provide financial support, without just cause or excuse, whether or not ordered by judicial decree. In re Adoption of Z.T.H., 910 S.W.2d 830, 835 (Mo.App. *770 1995). If the natural parent fails to provide support, he or she must demonstrate why such neglect is not willful, in order to defend against the adoption petition. Id. at 835-36.
Foster Parents' adoption petition alleged that Father's consent was not required because he had willfully abandoned and neglected his children. In his motion to set aside the default judgment, Father asserted the following facts as his defense to the petition:
[Father's] children were taken away from him after his former girlfriend abused his children. [Father] contacted state authorities to turn in the abuse allegation. [Father] never abused his children. The person who did abuse his children has been arrested, convicted, and for a long period of time had no part in [Father's] life. [Father] has and is able to provide a safe, stable and loving home for his children and wishes to do so. He has consistently fought to reobtain custody of his children and deserves to have normal parental rights with them. He presently is and has been for a significant period of time in a stable, loving and committed monogamous relationship. He could provide a mother and father nuclear family for his children. Because of the above facts, [Father] is entitled to have the default judgment set aside under Rule 74.05(d).
Father's pleading only recited facts to dispute the allegations of abandonment. However, Foster Parents alleged both abandonment and neglect and were entitled to relief upon proof of either allegation.[3] Father's motion failed to assert any facts to defend against the allegations of willful neglect. Father made no effort to show that he provided financial or other support for children in the six months preceding the filing of the adoption petition.
Although Father testified at the hearing on his motion to set aside the default judgment, he again failed to offer any facts to dispute the neglect allegations. Father admitted that he had the financial means to support his children in the six months preceding the adoption filing. Yet, he refused to pay for any of the children's expenses because he was not court-ordered to do so and because he had been denied custody and visitation. Neither reason provided a lawful defense to the adoption petition's allegation of Father's willful, substantial and continuous neglect of his children. Z.T.H., 910 S.W.2d at 835. Ironically, Father's testimony did more to prove the neglect allegations than dispute them.
Following the hearing on the motion to set aside, the court made the following findings on the element of meritorious defense:
During the motion hearing, [Father] testified to facts constituting his meritorious defense to the effect that he would have asserted if he had been given the opportunity to participate in the action. He has advanced an arguable theory that he has not failed to affirmatively assert paternity for the six months immediately preceding the filing of the adoption petition and that he has not willfully abandoned the minor children.
The court's findings did not address whether Father asserted an arguable defense theory on the allegations of neglect. Our review of the record indicates there are no facts to support a meritorious defense in this regard. The circuit court erred in setting aside the default judgment *771 pursuant to Rule 74.05(d) because Father failed to present a meritorious defense to the adoption petition's allegation that he neglected his children.
The judgment is reversed and the cause remanded to the circuit court for reinstatement of the adoption decree.
All concur.
NOTES
[1] The children's mother, K.R.R., consented to the adoption and the termination of her parental rights.
[2] Father argues on appeal that the due process finding was effectively a ruling that the court lacked personal jurisdiction to render a default judgment. However, the court never made a jurisdictional finding and analyzed the motion only in terms of the requirements of Rule 74.05(d), i.e. whether Father demonstrated good cause and a meritorious defense to set aside the default. The due process finding was not an independent basis for the court's ruling.
[3] Section 453.040 provides that parental consent to an adoption is not required if the parent has abandoned or neglected the child for a period of six months immediately preceding the filing of the petition for adoption.