v.

PLE ENTERPRISES INC., d/b/a Rolling Hills Auto Plaza and KDE Enterprises Inc., d/b/a Rolling Hills Auto Plaza, Respondents.

No. WD 75270.

Missouri Court of Appeals,
Western District.

May 14, 2013.

Motion for Rehearing and/or Transfer
to Supreme Court Denied June
25, 2013.

Application for Transfer Denied
Nov. 26, 2013.

Stephen Gorny, Leawood, KS, Joseph Morrey, Co–Counsel, St. Joseph, Edward Robertson, Jr., Co–Counsel, Jefferson City, MO, for Appellants.

R. Dan Boulware, Edwin Smith, Co–Counsel, Sharon Kennedy, Co–Counsel, St. Joseph, MO, Michelle Stewart, Overland Park, KS, Co–Counsel for Respondents.

Before JAMES EDWARD WELSH, C.J., VICTOR C. HOWARD, J., and PEGGY STEVEN McGRAW, Sp. J.

JAMES EDWARD WELSH, Chief Judge.

Lartarsh Woodrich and her son, A.D.D., appeal the circuit court's setting aside a default judgment that had been entered in their personal injury action against PLE Enterprises, Inc. and KDE Enterprises, Inc. d/b/a Rolling Hills Auto Plaza (hereinafter collectively referred to as Rolling Hills). Woodrich and A.D.D. contend that the circuit court erred in setting aside the default judgment as void because the circuit court had acted consistently with due process when it granted the default judgment and because Missouri Law authorized the circuit court to award damages jointly and severally against all defendants. We reverse the circuit court's judgment setting aside the default judgment and remand for reinstatement of the default judgment.

On March 30, 2009, Amy Caren Ballin rented a 2009 Toyota Corolla vehicle from Rolling Hills for a period of two weeks, but paid for only one week. At the time she entered the contract with Rolling Hills,

Ballin had a relationship and was cohabitating with Keith L. Johnson. Johnson accompanied Ballin when she rented the vehicle.[1]

On April 13, 2009, Ballin allowed and permitted Johnson to drive the 2009 Toyota Corolla. At approximately 1:00 a.m., on April 13, 2009, A.D.D. was a passenger in a Ford Windstar van operated by his mother, Woodrich, traveling east on Commercial Street in St. Joseph, Missouri. Johnson was driving the Corolla south on 19th Street at an excessive speed. Where 19th Street intersects with Commercial, there is a stop sign. Johnson failed to slow or stop at the stop sign. Johnson drove the Corolla into the Windstar. The resulting collision threw A.D.D. out of the vehicle. A.D.D. landed face down on the asphalt road and suffered extensive injuries including a concussion, traumatic brain injury, fractured bones, partial paralysis of his legs and arms, bruising and abrasions, broken teeth, headaches, pain in the back, neck, and spine, curvature of the spine, neurological deficits, and multiple soft tissue injuries.

On June 22, 2010, Woodrich and A.D.D. sued Johnson, Ballin, and Rolling Hills. Woodrich and A.D.D. asserted claims against Rolling Hills for "negligence and negligence per se" and "negligent entrustment." On July 6, 2010, Rolling Hills's registered agent, M.R.S. Service Corporation, was served with process. Rolling Hills never answered or otherwise defended as required by Rule 55.25. Additionally, on September 17, 2010, Woodrich and A.D.D. served M.R.S. Service Corporation with a notice of a default judgment hearing set for 9:30 a.m., on September 30, 2010. Rolling Hills did not appear at the default judgment hearing despite this additional notice. At the hearing, Woodrich and A.D.D. offered arguments and evidence to the circuit court, and, following the hearing, Woodrich and A.D.D. filed a brief in support of their motion for default judgment.

On October 28, 2010, the circuit court issued a Memorandum of Findings, which noted that Woodrich and A.D.D. should be entitled to entry of judgments in their favor against each of the defendants for $1,075,725.70. Thereafter, Woodrich and A.D.D. filed a motion for reconsideration of additional evidence pertaining to future damages, and the circuit court held a hearing on the motion. At the hearing, Woodrich and A.D.D. presented additional evidence of A.D.D.'s catastrophic, permanent injuries including the damage to his brain, his ability to interact with others, and his permanent physical limitations. Woodrich and A.D.D. presented the circuit court with pertinent medical records detailing the injuries received and treatments administered to A.D.D. The circuit court also received sworn testimony from the medical doctor that treated A.D.D. immediately after the collision and from his current treating physician detailing A.D.D.'s need for future surgery, treatment, therapy, and rehabilitation. Further, Woodrich and A.D.D. presented a videotape taken of A.D.D. in and around his home.

On March 4, 2011, the circuit court entered a default judgment against Ballin, Johnson, and Rolling Hills and assessed damages. The circuit court found that Rolling Hills was lawfully summoned and given notice of the hearing and that Rolling Hills did not appear, plead, or otherwise defend the matter within the meaning of Rule 74.05(a). Further, the circuit

---

1. Rolling Hills contends that the fact that Johnson was with Ballin when she rented the vehicle does not appear in the petition. This fact, however, was established at the hearing on the default judgment.

court stated that it had jurisdiction over the parties and the subject matter of the action. The circuit court found that the allegations in Woodrich's and A.D.D.'s petition were deemed admitted against Rolling Hills since Rolling Hills had not denied them. The circuit court, therefore, concluded that "the evidence presented by [Woodrich and A.D.D.] persuades the Court that [Woodrich and A.D.D.] are entitled to damages for past medical and economic damages, for past non-economic damages, and for future economic and non-economic damages[.]" Specifically, the circuit court ordered that "Plaintiffs [Woodrich and A.D.D.] are entitled to total damages in the amount of Two Million, Eight Hundred Sixty-five Thousand, Nine Hundred Eighty Dollars and 30 Cents ($2,865,-980.30) against Defendants jointly and severally[.]"

On April 20, 2012, more than one year after the entry of default judgment, Rolling Hills filed a motion to set aside the default judgment. On May 21, 2012, the circuit court granted Rolling Hills's motion and set aside the default judgment as to claims advanced against Rolling Hills. The circuit court ruled that the default judgment entered against Rolling Hills was void. In particular, the circuit court stated:

This Court is persuaded to find that the allegations in the PETITION FOR DAMAGES contained within Counts III and IV thereof fail to state claims upon which relief may be granted against the ROLLING HILLS DEFENDANTS upon their default. as provided for by Missouri Supreme Court Rule 74.05, and that the award of damages against [Rolling Hills], jointly and severally with the other Defendants, KEITH JOHNSON AND AMY BALLIN, contained within the FINAL JUDGMENT IN A CIVIL

CASE dated March 4, 2011, (hereinafter "JUDGMENT") is not authorized by Missouri law, was erroneous and is void. Accordingly, this Court determines that the ROLLING HILLS DEFENDANTS have met their burden to demonstrate their entitlement to relief under their MOTION from the Court's JUDGMENT by way of Rule 74.06(b)(4) and that, therefore, their MOTION should be Granted.[2]

Woodrich and A.D.D. appeal from the circuit court's setting aside the default judgment.

In their first point on appeal, Woodrich and A.D.D. contend that the circuit court erred in setting aside the default judgment as void because the circuit court had acted consistently with due process when it granted the default judgment.

Generally, a defendant may move to set aside a default judgment by showing good cause and a meritorious defense. Rule 74.05(d). Such a motion, however, "shall be made within a reasonable time not to exceed one year after the entry of the default judgment." *Id.* In this case, Rolling Hills moved to set aside the default judgment more than a year after the default judgment was entered against it. Given the passage of time, Rolling Hills had no right to proceed under Rule 74.05(d). Instead, it invoked Rule 74.06(b)(4), arguing that the default judgment was "void." A Rule 74.06(b)(4) motion, which claims that a judgment is void, is not subject to any specific time limit but must be made "within a reasonable time." Rule 74.06(c).

Rule 74.06(b)(4) provides that a "court may relieve a party or his legal representative from a final judgment or order ... [if] the judgment is void."

2. Underlining and bold face type have been omitted.

"Courts favor finality of judgments, so the concept of a void judgment is narrowly restricted." *Sieg v. Int'l Envtl. Mgmt., Inc.,* 375 S.W.3d 145, 149 (Mo.App.2012). A judgment is "void" under Rule 74.06(b)(4) "only if the court that rendered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Forsyth Fin. Group, LLC v. Hayes,* 351 S.W.3d 738, 740 (Mo.App.2011). " '[W]hether a judgment should be vacated because it is void is a question of law that we review *de novo;* we give no deference to the circuit court's decision.' " *Sieg,* 375 S.W.3d at 149 (citation omitted).

Personal service on Rolling Hills occurred as required by Rule 54.13(b)(3), by "delivering copies [of the summons and petition] to its registered agent[.]" *See also,* § 351.380.1, RSMo 2000 ("The registered agent so appointed by a corporation shall be an agent of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon a corporation may be served."). Rolling Hills does not contest that its agent was served with copies of the summons and petition; therefore, there is no dispute that the circuit court had personal jurisdiction over Rolling Hills at the time that it entered the default judgment.

 Moreover, Rolling Hills does not contest that the circuit court had subject matter jurisdiction to enter the default judgment. Subject matter jurisdiction, in general, speaks to the circuit court's "authority to render a judgment in a particular category of case." *J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 253 (Mo. banc 2009). "[T]he subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution." *Id.* Section 14 of article V of the Missouri Constitution declares, "The circuit courts shall have original jurisdiction over all cases and matters, civil and criminal.". Because the suit filed by Woodrich and A.D.D. was a civil matter, the circuit court had subject matter jurisdiction over this case.

 Thus, the sole issue in this case is whether the circuit court acted in a manner inconsistent with due process in entering the default judgment against Rolling Hills. "In cases where personal and subject matter jurisdiction are established, a judgment should not be set aside unless the court 'acted in such a way as to deprive the movant of due process.' " *Forsyth,* 351 S.W.3d at 741 (citation and emphasis omitted). The well-established meaning of procedural due process is that "parties whose rights are to be affected must be given notice and the opportunity to be heard." *City of Kansas City v. Jordan,* 174 S.W.3d 25, 42 (Mo.App.2005) (citing *Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972)). "Thus, judgments have been declared void for lack of due process when litigants have been denied notice of critical proceedings or were subject to involuntary waiver of claims." *Forsyth,* 351 S.W.3d at 741. But, as the *Forsyth* court recognized, "[t]hese due process concerns typically do not arise in cases of default judgment, where the defendant received proper notice of the proceedings and waived rights as a result of his own failure to appear." *Id.*

 In our case, Woodrich and A.D.D. served Rolling Hills's registered agent, M.R.S. Service Corporation, on July 6, 2010. Rolling Hills never answered or otherwise defended as required by Rule 55.25. Additionally, on September 17, 2010, Woodrich and A.D.D. served M.R.S. Service Corporation with a notice of a default judgment hearing set for 9:30 a.m., on September 30, 2010. Rolling Hills did not appear at the default judgment hearing despite this additional notice. The pe-

tition clearly put Rolling Hills on notice that it was being sued for general negligence and negligent entrustment-two legally cognizable claims under Missouri law. *See Schaefer v. Accardi*, 315 S.W.2d 230, 233 (Mo.1958) (actionable negligence); *Bell v. Green*, 423 S.W.2d 724, 732 (Mo. banc 1968) (negligent entrustment). Despite receiving notice of the claims filed against it, Rolling Hills did not appear and, therefore, waived its rights as a result of its failure to appear. As a result, the circuit court entered a default judgment against Rolling Hills ordering that "the allegations in [Woodrich's and A.D.D.'s] petition are deemed admitted against [Rolling Hills], the same having not been denied." "A default judgment . . . is considered proper . . . when a party has failed to answer a pleading or otherwise defend. Rule 74.05(a)." *Capital One Bank USA v. Khan*, 359 S.W.3d 578, 580 (Mo.App.2012). The circuit court, therefore, did not act in a manner inconsistent with due process in entering the default judgment against Rolling Hills.

Rolling Hills, however, wants to frame the due process issue in this case as "whether a defendant has been denied constitutionally required, procedural due process notice when default judgment is entered on a claim not asserted in the petition that was served on the defendant." Rolling Hills claims that the circuit court set aside the default judgment in this case because it recognized that it had entered a judgment on claims that had not been pled in the petition (and which Rolling Hills claims that it had no notice of) and that none of the claims pled stated a legally cognizable cause of action upon which a default judgment could be predicated. Rolling Hills, therefore, asserts that the lack of notice of the claims upon which the default judgment was entered was a denial of due process that rendered the default judgment void.

First and foremost, "A judgment is not void merely because it is erroneous." *Forsyth*, 351 S.W.3d at 740. "The fact that a plaintiff's pleading is deficient, and fails to state a claim for relief, does not render the resulting judgment 'void.'" *Unifund CCR Partners v. Kinnamon*, 384 S.W.3d 703, 707 (Mo.App.2012). After a court issues a default judgment in a case, the issue is not whether the petition fails to state a claim, but whether the defaulting party had notice of the grounds on which it was sued. *See Green v. Penn–Am. Ins. Co.*, 242 S.W.3d 374, 381 (Mo. App.2007) ("After a judgment is rendered[,] attacks against a petition shift from challenging the sufficiency of the elements pleaded to challenging the sufficiency of the notice provided to the opposing party."). The pleading deficiency about which Rolling Hills complains does not indicate a violation of Rolling Hills's constitutional right of due process.

Prior to the Missouri Supreme Court's opinion in *J.C.W. ex rel. Webb*, a defaulting party could assert that a petition which failed to state a claim raised an issue of subject matter jurisdiction. *See Dobson v. Mortg. Elec. Registration Sys., Inc., et al.*, 259 S.W.3d 19, 22 (Mo.App.2008) ("A default judgment cannot be entered on a petition that fails to state a cause of action. If the petition fails to state a cause of action, the trial court has no subject matter jurisdiction, and may take no action except to dismiss it.") (citation omitted); *Harding v. State Farm Mut. Auto. Ins. Co.*, 448 S.W.2d 5, 8 (Mo. banc 1969) (" '[I]f a petition wholly fails to state a cause of action, the defect is jurisdictional and the question may be raised for the first time in the appellate court.' Further, the fact the trial court erred by entering a default judgment on a petition defective on its face does not estop the defendant from appeal-

ing.") (citation omitted); *Adkisson v. Dir. of Revenue,* 891 S.W.2d 131, 132 (Mo. banc 1995) ("Failure to state a claim upon which relief can be granted calls into ·question the authority of the trial court to enter any judgment for the plaintiff. The failure to state a claim is related to subject matter jurisdiction.") (citation omitted).

In *J.C.W. ex rel. Webb,* however, the Missouri Supreme Court "clearly delineate[d] the boundaries of subject matter jurisdiction and strongly admonishe[d] against the overly broad use of the term 'subject matter jurisdiction.'" *AMG Franchises, Inc. v. Crack Team USA, Inc.,* 289 S.W.3d 655, 660 (Mo.App.2009) (citing *J.C.W. ex rel. Webb,* 275 S.W.3d at 254). As previously noted, the *J.C.W. ex rel. Webb* court clearly stated that "the subject matter jurisdiction of Missouri's courts is governed directly by the state's constitution" and that "Article V, section 14 sets forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms, providing that '[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal.'" 275 S.W.3d at 253 (emphasis omitted). The *J.C.W. ex rel. Webb* court essentially distilled the analysis of subject matter jurisdiction to one simple question: "Does the circuit court have subject matter jurisdiction to hear the case under Article V, Section 14? If so, the circuit court has subject matter jurisdiction and the authority to hear the dispute." *AMG Franchises,* 289 S.W.3d at 660. As we already concluded, because the suit filed by Woodrich and A.D.D. was a civil matter, the circuit court had subject

matter jurisdiction over this case. ·Thus, after *J.C.W. ex rel.·Webb,* moving to set aside a default judgment for failure to state a claim does not raise an issue of the circuit court's subject matter jurisdiction.

So, rather than defend the circuit court's action in setting aside the default judgment on the grounds that the judgment was void for lack of subject matter jurisdiction, Rolling Hills attempts to take issues that were once successfully disposed of on grounds of lack of subject matter jurisdiction and import those issues under the umbrella of lack of procedural due process. In reliance on *Jew v. Home Depot USA, Inc.,* 126 S.W.3d 394, 398 (Mo. App.2004), Rolling Hills asserts that a defendant is deprived of constitutionally required·notice if a default judgment is entered on claims "other or greater than that which plaintiff demanded in the petition as originally filed and served on defendant." In so concluding, the *Jew* court cited section 511.160, RSMo 2000, which provides:

> Whenever such interlocutory judgment shall be rendered for the plaintiff, the damages or other relief shall not be other or greater than that which he shall have demanded in the petition, as originally filed and served on defendant; but ·in any other case, the court may grant him any relief consistent with the case made by the plaintiff and embraced within the issues.

*Jew,* 126 S.W.3d at 398. In *Jew,* the issue presented was whether the circuit court could enter a default judgment in excess of the amount requested in the original petition.[3] *Id.* at 397–98. In determining the

---

**3.** We note that the *Jew* case involved an action to recover damages for personal injuries. 126 S.W.3d at 395. The plaintiff prayed for a judgment in his favor "'in an amount of money in excess of $25,000 and less than $75,000.'" *Id.* Although the *Jew* court did not mention Rule 55.05, we note that Rule 55.05 explicitly states that, in an action for damages

based upon an alleged tort, the prayer for damages should not include a dollar amount for damages. In particular, Rule 55.05 states: "If a recovery of money be demanded, the amount shall be stated, except that in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdic-

issue, however, the *Jew* court did not dispose of the issue on due process grounds but on grounds of subject matter jurisdiction. The *Jew* court held:

> Section 511.160 is designed to prevent a plaintiff from taking advantage of a defendant, even one who has ignored a summons. The petition must reasonably notify the defendant of the demand so the defendant would know the consequences of a default. The theory underlying the strictness of section 511.160 "is the defendant in default is willing to have the plaintiff granted the relief his petition asked, but no intendment can be indulged that he is willing for other relief to be granted."
>
> A prayer for such other relief that the court deems just and reasonable does not allow an award or relief on default other or greater than originally demanded. Rule 55.33(b), which allows pleadings to be amended to conform to the evidence, does not apply in default proceedings. The trial court lacked subject matter jurisdiction to enter a judgment in excess of the amount requested in the original petition.

*Id.* at 398 (citations omitted). In light of *J.C.W. ex rel. Webb*, Rolling Hills reliance on Jew is not persuasive. Indeed, this court's Eastern District, while acknowledging the *Jew* court's holding, has held that "[t]he statutory limitation placed on the trial court's ability to enter a judgment or fashion a remedy under Section 511.160 simply does not involve the trial court's subject matter jurisdiction." *AMG Franchises*, 289 S.W.3d at 660.

Rolling Hills also relies on *Green v. Penn–America Insurance Company*, 242 S.W.3d at 382, in support of its claim that

a circuit court may grant a default judgment only on the claims that are asserted in the petition that is served on the defaulting party. In *Green*, the court stated:

> "[I]n a default case, the petitioner is not entitled to relief beyond that requested in the petition." The plaintiff cannot seek to add a wholly additional theory ... or increase the amount of damages sought. To do so would subject the defendant to liability not contemplated by the petition.

*Id.* (citations omitted). But, in so concluding, the *Green* court started with the assumption that "the failure to adequately plead a cause of action will deprive the court of jurisdiction and thus render any purported judgment void." *Id.* at 379. After *J.C.W. ex rel. Webb*, this is no longer the state of the law.

 Rolling Hills insists that the circuit court entered its default judgment on claims different than that alleged in the petition served. But, as recognized by the *Green* court, Missouri employs liberal rules of construction in regards to pleadings after a judgment is rendered. *Id.* at 380. As the *Green* court explained,

> Before a judgment has been dispensed, "the court will give [the pleading] the benefit of every reasonable intendment favorable to the pleader and judge it with broad indulgence." After a judgment has been rendered, "we apply a less stringent standard in evaluating its sufficiency." "[A] petition will be found sufficient after verdict if, after allowing reasonable inferences and matters necessarily implied from the facts stated, there is sufficient to advise defendant with reasonable certainty as to the cause of action it is called upon to meet and

---

tional authority, but the prayer shall be for such damages as are fair and reasonable." Thus, given Rule 55.05, we question whether a default judgment entered in a tort action would ever be in excess of the amount requested in the original petition, given that the petition should just pray for damages that are "fair and reasonable."

bar another action for the same subject-matter."

*Id.* (citations, emphasis, and footnote omitted).

 The petition in this case clearly put Rolling Hills on notice that it was being sued for general negligence and negligent entrustment. In the petition, Woodrich and A.D.D. alleged that Johnson was incompetent to be lawfully allowed to drive by reason of his driving record, suspended driver's license, illegal drug use and other habitual recklessness. They also alleged that Ballin allowed and permitted Johnson to drive the rental car and that she "knew or had reason to know of Defendant Johnson's above described propensities and incompetence and was thereby negligent in allowing him to drive said rental car." Further, Woodrich and A.D.D. clearly asserted that Ballin and Johnson were permissive users of the rental car and that Rolling Hills "did nothing to restrict either Defendant Ballin's or Defendant Johnson's use of the vehicle and, thereby gave them implied permission to use the [rental car]." The Petition also clearly stated that the negligence of Rolling Hills alone, as well as the negligence of Rolling Hills combined with the negligence of Ballin, caused or contributed to cause injury to A.D.D.

In entering the default judgment, the circuit court found that the allegations in Woodrich's and A.D.D.'s petition were deemed admitted against Rolling Hills since Rolling Hills had not denied them. The circuit court, therefore, concluded that "the evidence presented by [Woodrich and A.D.D.] persuades the Court that [Woodrich and A.D.D.] are entitled to damages for past medical and economic damages, for past non-economic damages, and for future economic and non-economic damages[.]" Specifically, the circuit court ordered that "Plaintiffs [Woodrich and A.D.D.] are entitled to total damages in the amount of Two Million, Eight Hundred Sixty-five Thousand, Nine Hundred Eighty Dollars and 30 Cents ($2,865,980.30) against the Defendants jointly and severally[.]" Thus, the circuit court entered a default judgment against Rolling Hills on Woodrich's and A.D.D.'s claims for negligence and negligent entrustment and not on any unpled claims, as Rolling Hills seems to suggest.

 Thus, the best Rolling Hills can assert is that Woodrich and A.D.D.'s failed to properly plead an action for negligence or negligent entrustment. But, this argument too fails. This court answered this very argument in *Forsyth Financial Group, LLC v. Hayes.* 351 S.W.3d at 738. In *Forsyth,* a credit card holder filed a motion to set aside a default judgment regarding the amount he owed on a credit card account. *Id.* at 740. In the underlying proceeding, the corporate plaintiff filed a petition for breach of contract and properly served the credit card holder. *Id.* at 739. The credit card holder did not answer the petition or appear in court. *Id.* Four years later, after the company initiated a garnishment proceeding, the credit card holder filed a Motion to Set Aside Judgment and to Quash Garnishment and Dismiss the Petition. *Id.* at 740. The credit card holder argued that the default judgment was void because the petition "failed to state a cause of action for breach of a written contract." *Id.* at 741. Specifically, he asserted that the Forsyth Financial Group (FFG) was not a party to the cardholder agreement attached to the petition and asserted that the pleading defect amounted to a failure to state a cause of action. *Id.* at 740–41. In rejecting this argument, the *Forsyth* court held:

The essence of [the credit card holder's] argument is that the circuit court legally erred in allowing FFG to proceed on a deficient pleading. However, this

pleading deficiency does not indicate a violation of [the credit card holder's] constitutional right of due process. It is undisputed that [the credit card holder] was served with notice of the petition and that he failed to answer or appear. In light of this default, the court followed the procedures of Rule 74.05(a) and granted judgment as requested by FFG. The court did not proceed in a manner that resulted in an involuntary waiver of [the credit card holder's] right to defend against the breach of contract claim. Whether or not the judgment is erroneous, [the credit card holder] has failed to demonstrate that the court took any action inconsistent with his guarantee of due process. Under these circumstances, the default judgment is not void pursuant to Rule 74.06(b)(4).

The same is true in this case. Rolling Hills is essentially arguing that the circuit court's default judgment is void because Woodrich's and A.D.D.'s petition was deficient in pleading a cause of action for negligence and negligent entrustment against Rolling Hills. Even if the pleadings were deficient, and we need not decide whether they were, Rolling Hills's constitutional rights of due process were not violated. Rolling Hills was served with notice of the petition, and Rolling Hills failed to answer or appear at the hearing. The circuit court, therefore, pursuant to Rule 74.05(a) properly granted a default judgment as requested by Woodrich and A.D.D. The circuit court did not proceed in a manner that resulted in an involuntary waiver of Rolling Hills's right to defend against the negligence and negligent entrustment claims. Even if the judgment was erroneous, and we make no pronouncement on whether or not it was erroneous, "[a] judgment is not void merely because it is erroneous." *Id.* at 740. Whether or not the judgment was erroneous, the circuit court did not take any

action inconsistent with Rolling Hills's right to due process. The default judgment entered by the circuit court, therefore, was not void under Rule 74.06(b)(4), and the circuit court erred in setting aside the default judgment.

In its second point, Woodrich and A.D.D. contend that the circuit court erred in setting aside the default judgment as void because the circuit court acted consistently with due process when it awarded damages jointly and severally against all defendants in the default judgment. In setting aside the default judgment, the circuit court declared: "[T]he award of damages against [Rolling Hills], jointly and severally with the other Defendants, KEITH JOHNSON AND AMY BALLIN, contained with the FINAL JUDGMENT IN A CIVIL CASE dated March 4, 2011, (hereinafter "JUDGMENT") is not authorized by Missouri law, was erroneous and is void." As previously noted, a default judgment is "void" under Rule 74.06(b)(4) "only if the court that rendered it lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Forsyth*, 351 S.W.3d at 740. We have already determined that the circuit court did not lack personal jurisdiction or subject matter jurisdiction and that it did not act in a manner inconsistent with due process of law when it entered the default judgment. "A judgment is not void merely because it is erroneous." *Id.* at 740. That the circuit court may have erred in imposing joint and several liability against all the defendants (an issue we need not decide) does not render the default judgment void. Rolling Hills waived its right to contest the joint and several liability allocation by failing to answer or otherwise defend. The circuit court did not take any action inconsistent with due process of law. The default judgment entered by the circuit court, therefore, was not void under

Rule 74.06(b)(4), and the circuit court erred in setting aside the default judgment.

The circuit court did not lack personal jurisdiction or subject matter jurisdiction and did not act in a manner inconsistent with due process of law when it entered the default judgment. The default judgment entered by the circuit court, therefore, was not void under Rule 74.06(b)(4). Hence, we reverse the circuit court's judgment setting aside the default judgment against Rolling Hills and remand for reinstatement of the default judgment.

All concur.