**Tara Lea COOPER,
Petitioner/Respondent,**

v.

**Russell Paul COOPER,
Respondent/Appellant.**

**No. ED 90147.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 9, 2008.

James S. Collins, II, Law Office of James S. Collins, II, St. Louis, MO, for petitioner/respondent.

Jeffrey R. Curl, Curl & Hark, LLC, Hannibal, MO, for Respondent/Appellant.

OPINION

MARY K. HOFF, Judge.

Russell Paul Cooper (Husband) appeals from the trial court's default Judgment and Decree of Dissolution of Marriage (Default Judgment) entered in favor of Tara Lea Cooper (Wife) on Wife's Petition for Dissolution of Marriage (Petition). We dismiss the appeal for lack of jurisdiction because an appeal cannot properly lie from the Default Judgment itself.

*Procedural Background*

Although we need not engage in a detailed recitation of the facts, the record reveals the following procedural background relevant to our disposition of the case.

Husband and Wife were married on August 20, 2005. No children were born of the marriage. Wife filed her Petition on May 29, 2007. A notice of the Petition and a summons was personally served on Husband on June 10, 2007. Husband did not file any responsive pleading. The trial court thereafter scheduled a hearing on the Petition for July 17, 2007.

On July 17, 2007, Wife appeared with her attorney, but Husband failed to appear. Wife testified concerning her proposed division of marital property and allocation of marital debt. The trial court thereafter found that, although Husband had been duly served with notice of the proceeding and had been called three times before the hearing began, he had failed to file a responsive pleading to the Petition and had failed to appear and, therefore, was in default. The trial court found that Wife's proposed division of marital debt was not unconscionable and that the parties' marriage was irretrievably broken and could not be preserved. Thus, the trial court dissolved the parties' marriage and entered the Default Judgment in favor of Wife and against Husband. On July 20, 2007, the trial court sent a copy of the Judgment via certified mail to Husband's last known mailing address. On July 23, 2007, Husband received the Default Judgment and returned the certified mailing card to the trial court acknowledging his receipt of the Default Judgment.

Husband did not file a motion requesting the trial court set aside the Default Judgment, pursuant to Rule 74.05(d), or any other post-trial motions. On August 16, 2007, Husband filed his notice of appeal.

### Discussion

■ In his sole point on appeal, Husband claims the trial court erred in its division of marital property and allocation of marital debt. The issues raised by Husband's point might be properly considered in an appeal from a judgment on the merits. However, Husband appeals from a default judgment.

■ A "default judgment" occurs when a party has failed to answer a pleading or to otherwise defend and the complaining party has provided proof of damages or entitlement to other relief. Rule 74.05(a); *State ex rel. Nixon v. McGee,* 213 S.W.3d 730, 731 (Mo.App. W.D.2007). A party cannot directly appeal from a default judgment without first filing a motion to set aside the default judgment unless the appeal presents questions concerning the trial court's subject matter jurisdiction or the sufficiency of the plaintiff's petition. *In re Marriage of Miller and Sumpter,* 196 S.W.3d 683, 689 (Mo.App. S.D.2006); *Barney v. Suggs,* 688 S.W.2d 356, 358 (Mo. banc 1985); *Vonsmith v. Vonsmith,* 666 S.W.2d 426, 427–28 (Mo.App. E.D.1984). A direct appeal properly lies from the trial court's denial of a motion to set aside a default judgment, filed pursuant to Rule 74.05(d), but not from the default judgment itself. *Kuhlman v. Arnold,* 154 S.W.3d 430, 431 (Mo.App. W.D.2005).

A party against whom a default judgment was entered may file a motion to set aside the default judgment within a reasonable time not to exceed one year after the entry of the default judgment. Rule 74.05(d). Where the motion states facts constituting a meritorious defense and for good cause shown, the trial court may set aside a default judgment. *Id.* Good cause includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process. *Id.* We review the denial of a motion to set aside a default judgment for abuse of discretion. *Kuhlman,* 154 S.W.3d at 431.

Here, Husband did not file a responsive pleading to Wife's Petition and did not appear at the hearing on the Petition. After the Default Judgment was entered and Husband acknowledged his receipt of it, Husband did not file a motion to set aside the Default Judgment, pursuant to Rule 74.05(d), or any other post-trial motion. Instead, Husband appealed, arguing the merits of the Default Judgment with re-

gard to the trial court's award of marital property and allocation of marital debt. He presents no questions concerning the trial court's subject matter jurisdiction or the sufficiency of Wife's petition and does not argue or assert that the Default Judgment should be set aside for good cause or that a meritorious defense exists. *See McGee,* 213 S.W.3d at 732; *Kuhlman,* 154 S.W.3d at 431–32. Consequently, we lack appellate jurisdiction to review his claim of error.

### Conclusion

The appeal is dismissed.

BOOKER T. SHAW, Presiding Judge, and KATHIANNE KNAUP CRANE, Judge, concur.