AMG FRANCHISES, INC., Respondent,

v.

CRACK TEAM USA, INC. and Team Distributors, LLC., Appellants.

No. ED 91631.

Missouri Court of Appeals, Eastern District, Division One.

April 28, 2009.

Application for Transfer to Supreme Court Denied June 2, 2009.

Application for Transfer Denied Sept. 1, 2009.

Nicholas B. Schopp, AEGIS Professional Services–Law Practice Group, Clayton, MO, for Appellants.

Paul Rechenberg, Elizabeth Rechenberg, Chesterfield, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Crack Team USA, Inc. and Team Distributors, LLC (collectively, Appellants) appeal from the trial court's denial of their Joint Motion for New Trial or in the Alternative to Amend Judgment (Motion for New Trial) following the entry of a default judgment. Appellants allege the trial court erred in its assessment and computation of damages when it entered a default judgment in favor of AMG Franchises, Inc. (Respondent) in the amount of $530,755. Because the claim raised by Appellants is not cognizable by direct appeal at this time, we dismiss the appeal.

### Background

Appellants entered into a Settlement Agreement with Respondent on August 11, 2004. On October 9, 2007, Respondent filed suit against Appellants alleging breach of contract and unjust enrichment. Respondent also requested an accounting for Appellants' violation of the Settlement Agreement. Appellants did not file a timely responsive pleading to Respondent's claims. A hearing with the trial court to establish damages for a default judgment on this matter was set for March 5, 2008. Appellants failed to attend the March 5, 2008 hearing, wherein the trial court, following the presentation of evidence relating to Respondent's damages, entered a default judgment against Appellants totaling $530,755.

Appellants filed two separate motions following the trial court's entry of default judgment. Appellants first filed on March 7, 2008, a Motion to Set Aside the Default Judgment authorized under Missouri Su-

preme Court Rule 74.05(d) [1]. Appellants filed their Motion for a New Trial or Alternative Motion to Amend the Judgment pursuant to Rule 78.01 on April 4, 2008. Appellants' Motion for a New Trial or Alternative Motion to Amend the Judgment was not heard within ninety days of the Motion and was therefore deemed denied as of July 7, 2008. The denial of the latter filed motion is the only subject of this appeal.[2]

## Points on Appeal

In their brief, Appellants present two points on appeal. First, Appellants allege the trial court erred in entering the default judgment in that it lacked subject matter jurisdiction because Respondent's petition failed to state a claim for which relief can be granted. Second, Appellants allege the trial court erred in entering a default judgment against Appellants as the court lacked subject matter jurisdiction to enter a default judgment in an amount exceeding the relief demanded by Respondent in its petition.

## Discussion

Before we proceed with any consideration of Appellants' points on appeal, we must first determine whether we may review Appellants' direct appeal from the default judgment. Generally, a party may not appeal a default judgment until it has proceeded with a motion to set aside the judgment as provided under Rule 74.05(d). Our review of the record and recent case law requires us to dismiss this appeal because Appellant's Motion to Set Aside the

Default Judgment, although filed and heard, has not been reduced to a judgment from which Appellants may appeal. We note that appellate courts have the authority to consider a direct appeal from a default judgment when that appeal presents questions concerning the trial court's subject matter jurisdiction or the sufficiency of the plaintiff's petition. *Cooper v. Cooper*, 262 S.W.3d 680, 681 (Mo.App. E.D. 2008); *In re Marriage of Miller and Sumpter*, 196 S.W.3d 683, 689 (Mo.App. S.D.2006). We also note that Appellants characterize their points on appeal as issues relating to the trial court's lack of subject matter jurisdiction to enter the default judgment. Furthermore, Appellants cite compelling judicial authority supporting this characterization and their right to directly appeal the trial court's entry of the default judgment. However, the Supreme Court has recently attempted to clarify and "make[ ] simple the task of determining jurisdiction" in *Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009). Following the admonitions of the Supreme Court in *Webb*, we find that the issues presented by Appellants in both points of appeal fail to invoke the trial court's lack of subject matter jurisdiction. Accordingly, we have no authority to exercise appellate jurisdiction over this matter, and are required to dismiss this appeal.

■ The right of appeal is purely statutory. Rule 81.01; *Polk v. Essen*, 249 S.W.3d 914, 918 (Mo.App. E.D.2008). Without statutory authority, no right to appeal exists. *Polk*, 249 S.W.3d at 918,

1. All rule citations are to the Missouri Rules of Civil Procedure (2008).

2. Although the trial court denied Appellants' Motion to Set Aside the Default Judgment in an order dated November 26, 2008, the trial court's order was not denominated a judgment in compliance with Rule 74.01(a), and therefore, could not be appealed to this Court.

This Court addressed this issue in its Order of December 8, 2008. During oral argument, Appellants acknowledged that they still have not obtained from the trial court an order denominated a "judgment" from which they could appeal the trial court's denial of their motion to set aside the default judgment.

*citing Houpt v. Houpt,* 174 S.W.3d 92, 96 (Mo.App. S.D.2005). Rule 74.05(d) sets forth the requirements for appealing from the entry of a default judgment. Parties challenging the entry of a default judgment must file a motion to set aside the default judgment within a reasonable time, not to exceed one year after the entry of the default judgment. Rule 74.05(d). A motion filed under Rule 74.05(d) is an independent action and not an authorized after-trial motion subject to Rule 78.04 or 78.06. *Id.* Appellants cite no statute allowing a direct appeal from a default judgment where the trial court has not entered judgment on the underlying motion to set aside pursuant to Rule 74.05(d).

■ A direct appeal of a default judgment should be dismissed when a mandatory prerequisite is not satisfied. *Barney v. Suggs,* 688 S.W.2d 356, 358 (Mo. banc 1985). Consistent with the requirements of Rule 74.05(d), the Supreme Court has held that a default judgment cannot be appealed unless the trial court has previously heard a motion to set aside or vacate the judgment. *Id., citing Vonsmith v. Vonsmith,* 666 S.W.2d 424, 426 (Mo. banc 1984). With no statutory authority to the contrary, we continue to be guided by the Supreme Court's holdings in *Barney* and *Vonsmith,* which limit our appellate jurisdiction to consider this direct appeal from the default judgment only if the trial court has heard and ruled on a motion to set aside the default judgment properly filed by Appellants. However, as correctly noted by Appellants, a notable exception to this requirement exists when the appeal presents questions concerning the trial court's subject matter jurisdiction or the sufficiency of the plaintiff's petition. *Cooper v. Cooper,* 262 S.W.3d 680 (Mo.App. E.D.2008); *In re Marriage of Miller and Sumpter,* 196 S.W.3d 683, 689 (Mo.App. S.D.2006).

Appellants assert that their appeal raises the issue of subject matter jurisdiction, providing this Court with an independent basis to proceed with the current appeal. Appellants further contend that our exercise of jurisdiction over this appeal is appropriate because they have met the mandatory prerequisites of Rule 74.05(d) by filing their motion to set aside the default judgment. Appellants argue that the trial court's failure to take any further action on their motion to set aside the default judgment cannot operate to deprive Appellants of their right to appeal. We disagree and find that Appellants fail on both arguments.

## A. Rule 74.05(d)-Motion to Set Aside Default

■ The record before us shows that Appellants filed a Motion to Set Aside Judgment with the trial court under Rule 74.05(d). However, the trial court has never issued an appealable judgment relating to Appellant's motion filed under Rule 74.05(d). Appellants' arguments notwithstanding, an appeal from the entry of a default judgment properly lies from the trial court's denial of a motion to set aside a default judgment filed pursuant to Rule 74.05(d), and not the filing of the motion. *Cooper,* 262 S.W.3d at 681, *citing Kuhlman v. Arnold,* 154 S.W.3d 430, 431 (Mo. App. W.D.2005).

The cases cited by Appellants in their reply brief do not support their argument that the mere act of filing a motion to set aside a default judgment satisfies the necessary prerequisite allowing this appeal to proceed. First, in both *Barney* and *Cooper,* unlike here, the appellants had not timely filed a motion to set aside the default judgment. *Barney,* 688 S.W.2d at 358; *Cooper,* 262 S.W.3d at 681. Neither court was required to consider the question presented here, i.e., whether the mere filing of said motion by the appellant satis-

fies the requirements so as to allow a direct appeal of the default judgment. More importantly, *Cooper* contains language that squarely rejects Appellants' argument. The *Cooper* court's citation to *Kuhlman v. Arnold*, 154 S.W.3d at 431, stands in direct contrast to Appellants' claim that the mere filing of a motion under Rule 74.05(d) properly invokes this Court's appellate jurisdiction. *Cooper*, 262 S.W.3d at 681. In *Kuhlman*, the Western District expressly held that the appeal from a default judgment lies from the "denial" of the motion to set aside the judgment. 154 S.W.3d at 431. We see no reason to stray from this holding. Because the trial court has not entered a judgment denying Appellants' Motion to Set Aside Judgment, we may not consider Appellants' current appeal unless the appeal presents a question of the trial court's subject matter jurisdiction or the sufficiency of the petition.

### B. Subject Matter Jurisdiction

■ Appellants do not allege the trial court's lack of subject matter jurisdiction in their Motion For New Trial or in their Notice of Appeal. However, subject matter jurisdiction may be raised at any time during the proceedings, including for the first time on appeal. *Jew v. Home Depot USA, Inc.*, 126 S.W.3d 394, 397 (Mo.App. E.D.2004), *citing First Mo. Bank of St. Francois County v. Patterson*, 696 S.W.2d 800, 801 (Mo.App. E.D.1985). In their briefs, Appellants propound two separate bases for claiming that the trial court lacked subject matter jurisdiction. First, Appellants claim the petition fails to state a cause of action, which deprives the trial court of subject matter jurisdiction. Second, Appellants argue the trial court's award of damages in excess of the amount pleaded in the petition violated Section

511.160, RSMo 2000,[3] and deprives the trial court of jurisdiction to award damages in an amount greater than pleaded. We address both arguments in light of the Supreme Court's pronouncements in *Webb*, 275 S.W.3d at 249.

### 1. Failure to State a Claim

Appellants cite *Dobson v. Mortgage Electronic Registration Systems, Inc./GMAC Mortgage Corp.* as support for their argument that the trial court lacked subject matter jurisdiction. 259 S.W.3d 19 (Mo.App. E.D.2008). In *Dobson*, this Court held that "[a] default judgment cannot be entered on a petition that fails to state a cause of action." *Id.* at 22. Our decision in *Dobson* followed clearly developed judicial authority within Missouri's appellate courts, which have held that if a petition wholly fails to state a cause of action, the defect is jurisdictional and may be raised for the first time on appeal. *Harding v. State Farm Mut. Auto. Ins. Co.*, 448 S.W.2d 5, 8 (Mo. banc 1969). "Further, the fact the trial court erred by entering a default judgment on a petition defective on its face does not estop the defendant from appealing." *Id.* The failure to state a claim upon which relief can be granted has been characterized specifically by our appellate courts as "related to subject matter jurisdiction." *Adkisson v. Dir. of Revenue*, 891 S.W.2d 131, 132 (Mo. banc 1995); *Crossland Constr., Co., Inc., v. Alpine Elec. Constr., Inc.*, 232 S.W.3d 590, 592 (Mo.App. S.D.2007); *Phillips v. Bradshaw*, 859 S.W.2d 232, 234 (Mo.App. S.D. 1993).

■ Appellants assert Respondent's petition fails to state a claim upon which relief can be granted because anticipatory repudiation is inapplicable to unilateral contracts. Appellants argue this pleading defect raises the issue of the trial court's

---

**3.** All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

subject matter jurisdiction, and therefore, they are entitled to directly appeal the trial court's denial of their Motion for New Trial. We note the persuasiveness of the judicial authority cited by Appellants, and prior to *Webb*, 275 S.W.3d at 249, we may have agreed with Appellants' position. However, following the guidance offered by the Supreme Court in *Webb*, we cannot conclude that subject matter jurisdiction is an issue presented in this appeal. Because the alleged deficiencies in Respondent's petition do not bring into question the trial court's subject matter jurisdiction, we find that this appeal does not fall within the limited exception allowing us to consider an appeal from a default judgment where the trial court has not previously heard and denied a motion to set aside or vacate judgment.

■ The Supreme Court in *Webb* clearly delineates the boundaries of subject matter jurisdiction and strongly admonishes against the overly broad use of the term "subject matter jurisdiction." *Id.* at 254. In particular, the *Webb* Court noted the confusion that arises when courts do not distinguish between questions involving a court's authority to decide the general issue before it, as opposed to the court's authority to render a particular judgment in a particular case. *Id.* To resolve the past confusion caused by the imprecise use and application of the term "subject matter jurisdiction," the Supreme Court suggests a simplified manner to determine whether a trial court has subject matter jurisdiction. As noted by the Missouri Supreme Court, subject matter jurisdiction is constitutionally defined by Article V, Section 14 of the Missouri Constitution,

and is not a concept susceptible of alteration by either the courts or the legislature. *Id.* Article V, Section 14 describes subject matter jurisdiction of the circuit courts in plenary terms, and states that "[t]he circuit courts shall have original jurisdiction over *all* cases and matters, civil and criminal." *Id.* at 253 (emphasis in original). The *Webb* Court seems to distill the analysis of whether subject matter jurisdiction exists to a simple question: Does the circuit court have subject matter jurisdiction to hear the case under Article V, Section 14? If so, the circuit court has subject matter jurisdiction and the authority to hear the dispute. *Id.* at 254. While a circuit court's authority to render a "particular" judgment in a "particular" case may be limited by statute or otherwise, this limitation does not call into question the court's subject matter jurisdiction, but only the court's limited authority to act in the particular case at hand.[4]

Applying the Missouri Supreme Court's analysis to the record before us, we are compelled to conclude that the trial court had subject matter jurisdiction as set forth under Article V, Section 14. Simply stated, the case before the trial court was a civil case for breach of contract, unjust enrichment and accounting. The trial court has subject matter jurisdiction under Article V, Section 14 to hear cases of this general nature. Any limitation on the trial court's authority to render a judgment or fashion a remedy in this matter is not a jurisdictional limitation, although, as noted by the *Webb* Court, such limitations may run afoul of other rights provided under the Missouri Constitution, or United States

---

4. *Webb* addressed the limitations placed on a circuit court's authority to grant relief under a motion to modify pursuant to Section 452.455.4, which prohibited a party from filing a motion to modify child custody who owed more than $10,000 in child support arrearage without first posting bond for the amount of the child support due. 275 S.W.3d at 252.

Constitution.[5] Accordingly, although Appellants' first point on appeal is framed as an issue involving subject matter jurisdiction for failure to state a cause of action, the record before us supports the trial court's exercise of subject matter jurisdiction because the allegations made in the petition are civil matters, and the trial court had subject matter jurisdiction under Article V, Section 14 to hear civil matters. Because Appellants' first point on appeal does not raise the trial court's subject matter jurisdiction, Appellants may not bring this point as a direct appeal from a default judgment.[6] Appellants first point on appeal is dismissed.

### 2. Award of Damages

■ In their second point on appeal, Appellants allege the trial court lacked subject matter jurisdiction to enter a default judgment in an amount exceeding the relief demanded by Respondent in its petition. Appellants cite *Jew v. Home Depot* as support for this argument. 126 S.W.3d at 398. We do not dispute the holding of *Jew v. Home Depot,* and its support of Appellants' claim that the relief granted on default may not exceed that which the plaintiff demanded in the petition as originally filed and served on defendant. *Id.;* Section 511.160. However, our analysis of Appellants' first point on appeal similarly requires the dismissal of this second point. The statutory limitation placed on the trial court's ability to enter a judgment or fash-

ion a remedy under Section 511.160 simply does not involve the trial court's subject matter jurisdiction. Accordingly, we lack the authority to consider Appellants' second point on appeal, and dismiss that point. While Appellants are precluded from proceeding with a direct appeal, they have the opportunity to seek redress through a motion to set aside the default judgment.[7]

### Conclusion

Each of the claims raised in the petition before the trial court were civil in nature and, therefore, were properly within the trial court's jurisdiction. Because the circuit court properly had subject matter jurisdiction over this case, this appeal does not fall within the exception allowing direct appeals of a default judgment.

Having no authority to review Appellants' arguments, this appeal is dismissed.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., Concur.

---

5. The right to have a remedy for a legal wrong provided under Article I, Section 14 of the Missouri Constitution and the right guaranteed under the Fourteenth Amendment of the United States Constitution are two examples mentioned in *Webb,* 275 S.W.3d at 255.

6. We note, however, that Appellants are not without an appropriate remedy and may raise this point in a motion to set aside the default judgment. In *Dobson v. Mortgage Electronic Systems, Inc.,* 259 S.W.3d 19 (Mo.App. E.D. 2008), the defendant's claim that the trial

court lacked subject matter jurisdiction because the plaintiff's petition failed to properly plead a cause of action was raised in defendant's motion to set aside the default judgment under Rule 74.05(d).

7. We note that the appeal filed in *Jew v. Home Depot* was taken from the trial court's denial of defendant's Rule 74.05(d) motion to set aside the default judgment. 126 S.W.3d at 396.