

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| TAN-TAR-A ESTATES, L.L.C., | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD33706 |
| | ) | |
| NEIL B. STEINER and DEBORAH G. STEINER, | ) | **Filed: August 3, 2015** |
| | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Matthew P. Hamner, Associate Circuit Judge

**<u>APPEAL DISMISSED</u>**

Neil B. and Deborah G. Steiner (the "Steiners"), who are not represented by counsel, appeal from a default judgment entered against them and in favor of Tan-Tar-A Estates, L.L.C. ("Tan-Tar-A"). The judgment awarded Tan-Tar-A (1) "immediate possession" of "Tan-Tar-A Estates Lot #310" in Osage Beach, (2) rent and late fees in the amount of $49,139.79, and (3) assessments in the amount of $14,168.47. We dismiss the Steiners' appeal because the default judgment is not an appealable judgment.

Tan-Tar-A filed a petition in the associate circuit division of the circuit court on December 3, 2014, seeking the relief granted in the default judgment. Affidavits filed

with the trial court showed that a process server served a summons and the petition by "delivering a copy" of these items to the Steiners, or by "individually serv[ing]" the Steiners with these items, on December 18. The Steiners did not file an answer, but did file a "[c]ounterclaim" on December 29 and "[a]dditional [i]nformation" on December 31 that alleged various claims and assertions against Tan-Tar-A, including an assertion in the additional information that the summons and petition were not personally served on the Steiners but rather were left "on our door."

The Steiners did not appear at a hearing on January 8, 2015. At the hearing, the trial court (1) found "that [the Steiners] were served December 18, 2015 and filed a count[er]claim on December 29, 2015," (2) granted Tan-Tar-A's motion to dismiss the Steiners' counterclaim, and (3) entered the default judgment from which the Steiners now appeal.

The Steiners filed a notice of appeal with the trial court on January 13, and three days later filed a motion to set aside the default judgment. Though Rule 74.05(d) of the Missouri Court Rules (2015) is not specifically referenced in the motion, the motion appears to be filed pursuant to Rule 74.05(d). In the motion, the Steiners asserted that they did not appear at the January 8 hearing because the trial court's docket sheet was "misleading" and they thought the January 8 hearing was "[c]anceled." The Steiners also asserted in the motion "[b]ad summons service."

This court received the notice of appeal from the trial court four days later on January 20. The trial court, on February 11, "passed" on the Steiners' motion to set aside the default judgment because "a notice of appeal has been filed and [the trial] court has no jurisdiction."

Tan-Tar-A argues that we must dismiss the Steiners' appeal because the appeal is premature inasmuch as the default judgment is not an appealable judgment. We agree. It is well settled that "a party may not appeal a default judgment until [the party] has proceeded with a motion to set aside the judgment as provided under Rule 74.05(d)" unless the "appeal presents questions concerning the trial court's subject matter jurisdiction or the sufficiency of the plaintiff's petition." *AMG Franchises, Inc. v. Crack Team USA, Inc.*, 289 S.W.3d 655, 657 (Mo.App. E.D. 2009). In this case, the Steiners do not claim that the trial court lacked subject matter jurisdiction or that Tan-Tar-A's petition was insufficient. As a result, the Steiners' appeal is dismissed and any appeal must await the resolution of the Steiners' motion to set aside the default judgment.

Nancy Steffen Rahmeyer, J. - Opinion Author

Don E. Burrell, P.J. - Concurs

William W. Francis, Jr., J. - Concurs

3