

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JOHN K. LATTA, | ) | |
| Respondent, | ) | |
| | ) | **WD78051** |
| v. | ) | |
| | ) | **FILED: March 29, 2016** |
| JOHN MAHN, and LISA LINDSEY, | ) | |
| Appellants. | ) | |

### Appeal from the Circuit Court of Jackson County
### The Honorable Jalilah Otto, Judge

**Before Division Four: Alok Ahuja, C.J., and Thomas H. Newton and James E. Welsh, JJ.**

John Mahn and Lisa Lindsey appeal from a default judgment entered against them and in favor of Respondent John Latta. The judgment awarded Latta immediate possession of a rental property located in Kansas City. Because the default judgment is not itself appealable, we dismiss Mahn and Lindsey's appeal.

On September 12, 2014, Latta filed a petition against Mahn and Lindsey for possession of rental property located at 3807 Kings Highway in Kansas City. Latta alleged that rent had not been paid by tenants Mahn and Lindsey in the amount of $2425.00.

A hearing took place on October 9, 2014. Latta appeared in person, but Mahn and Lindsey did not appear. The circuit court entered a default judgment against them on the same date. Mahn and Lindsey never filed a motion to set aside the default judgment in the circuit court, but instead filed a notice of appeal to this Court on October 17, 2014.

"The right of appeal is purely statutory. Without statutory authority, no right to appeal exists." *AMG Franchises, Inc. v. Crack Team USA, Inc.,* 289 S.W.3d 655, 657 (Mo. App. E.D. 2009) (citations omitted). In particular, "[i]t is well settled that a party may not appeal a default judgment until [the party] has proceeded with a motion to set aside the judgment as provided under Rule 74.05(d) unless the appeal presents questions concerning the trial court's subject matter jurisdiction or the sufficiency of the plaintiff's petition." *Tan-Tar-A Estates, L.L.C. v. Steiner*, 465 S.W.3d 915, 917 (Mo. App. S.D. 2015) (citations and internal quotation marks omitted); *see also*, *e.g.*, *Agnello v. Walker*, 306 S.W.3d 666, 675-76 (Mo. App. W.D. 2010) ("The default judgment is subject to review only by appeal from the trial court's judgment denying [Appellant's] motion filed pursuant to Rule 74.05.").

Mahn and Lindsey have not argued, nor has this court found any reason to believe, that the circuit court lacked subject matter jurisdiction or that Latta's petition was insufficient. In these circumstances, "the direct appeal of the default judgment should be dismissed for failure to satisfy a mandatory prerequisite. *A default judgment cannot be appealed unless the trial court has previously heard a motion to set aside or vacate the judgment."* Barney v. Suggs, 688 S.W.2d 356, 358 (Mo. banc 1985) (citing *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984)).

### Conclusion

The appeal is dismissed.

_____
Alok Ahuja, Chief Judge

All concur.