IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
 PATRICIA ROBERTSON, )
 Respondent, )
 )
 v. ) WD84647
 )
 CHARLES ROSNER, ) FILED: February 22, 2022
 Appellant. )
 Appeal from the Circuit Court of Jackson County
 The Honorable Bryan E. Round, Judge
 Before Division Two: Alok Ahuja, P.J., and
 Edward R. Ardini, Jr., and Janet L. Sutton, JJ.
 Charles Rosner appeals from a default judgment entered against him in the

Circuit Court of Jackson County. Rosner claims that the default judgment is void,

because the circuit court lacked subject matter jurisdiction based on deficiencies in

the plaintiff’s petition, and because the court lacked jurisdiction to enter a default

judgment awarding greater relief than that prayed for in the petition. We conclude

that Rosner’s arguments do not raise “jurisdictional” issues which can be asserted

in a direct appeal of a default judgment. We accordingly dismiss Rosner’s appeal.

 Factual Background
 Prior to 2016, Patricia Robertson was employed by Ruiz & Associates, P.C.,

which provided accounting and other financial services in Kansas City. Robertson

is a Kansas resident. She filed suit against Ruiz & Associates in the District Court

of Johnson County, Kansas, alleging that her employment had been wrongfully

terminated. On September 6, 2016, judgment was entered in favor of Robertson
and against Ruiz & Associates in the Kansas action, for $285,172.76, plus post-

judgment interest.

 Robertson filed the present action in the Circuit Court of Jackson County on

January 31, 2019. Robertson’s petition named Rosner as a defendant, along with

Ruiz & Associates, Ruiz & Company, Inc., and Eugene Ruiz and Genette Ruiz.

Robertson’s petition identified Rosner and Eugene Ruiz as the owners, officers and

directors of Ruiz & Associates; the petition also identified Rosner and Genette Ruiz

as the sole shareholders of Ruiz & Company. The petition alleged that Ruiz &

Company was formed on February 8, 2016, “while the Kansas Lawsuit was

pending” against Ruiz & Associates. The petition alleged that defendants Eugene

Ruiz, Genette Ruiz, and Ruiz & Company “participated in or contributed to a

scheme to avoid paying [Robertson] on the [Kansas] Judgment,” including by

“transferr[ing] assets from Defendant Ruiz & Associates to Defendant Ruiz [&]

Company.” Among other relief, the petition prayed for the avoidance of fraudulent

transfers made by Ruiz & Associates to Eugene Ruiz, Genette Ruiz, and Ruiz &

Company. The petition also prayed for entry of a money judgment against Eugene

Ruiz, Genette Ruiz, and Ruiz & Company in the amount of the Kansas judgment,

“with post-judgment interest [in] such amount that may be proved at trial,” as well
as “substantial punitive damages to serve as a deterrent for similarly situated

defendants from engaging in similar fraudulent transfers.”

 Although the petition did not allege specific wrongful acts by Rosner, or

specifically pray for relief against him, it alleged that, “[b]y virtue of participating in

these fraudulent transfers and conspiring in furtherance of them, as described

above, all of the Defendants are jointly and severally liable.”

 Rosner filed an affidavit in the circuit court in which he acknowledged that

he was served with the petition and a summons on June 17, 2019. The summons
advised Rosner that he was required to appear and file a response to Robertson’s

 2
petition; the summons warned that, “[i]f you fail to file your pleading, judgment by

default may be taken against you for the relief demanded in the petition.”

 In his affidavit, Rosner stated that he reviewed the petition and summons

“and saw that, . . . although I was named as a defendant in the Petition, the

Plaintiff had not alleged that I did anything wrong and that the Plaintiff was not

asking for any relief against me.” Rosner stated that he “scanned the paperwork

and forwarded the digital copy via email to Eugene Ruiz, who was handling this

legal matter for the named company defendants.” Rosner took no other action to

defend the case, and did not file an answer to the petition.

 On July 23, 2019, Robertson filed a motion for entry of default judgments

against Rosner, Ruiz & Associates, and Ruiz & Company – none of whom had

responded to the petition, although properly served. In his affidavit, Rosner

acknowledged receiving a copy of Robertson’s motion for entry of default judgment

by mail “[o]n or shortly after July 23, 2019.” Rosner’s affidavit stated that he read

the motion, and saw that it “asked for ‘Judgment by Default’ against three

defendants, including me personally.” Although Rosner recognized that the motion

sought relief against him, his affidavit stated that he once again simply scanned the

document and forwarded a digital copy to Eugene Ruiz, but took no other action.
 On July 29, 2019, the circuit court entered judgment by default against

Rosner, Ruiz & Associates, and Ruiz & Company. Judgment was entered in the

total amount of $457,806.24, consisting of the principal sum of the Kansas judgment

($285,172.76), interest on the Kansas judgment of $72,633.48, and punitive

damages of $100,000.

 On August 9, 2019, Rosner filed a Motion to Set Aside Default Judgment.

Rosner’s motion did not seek to set aside the default judgment based on the

assertion of “facts constituting a meritorious defense and for good cause shown,” as
contemplated by Rule 74.05(d). Instead, his motion invoked Rule 74.06(b), and

 3
argued that the judgment was void, irregular, and the result of Robertson’s fraud,

misrepresentation and misconduct, because the petition did not assert a claim or

seek relief against Rosner, and therefore failed to give him adequate notice.

 The circuit court denied Rosner’s motion to set aside the default judgment in

an order entered on October 10, 2019.

 Because the circuit court’s default judgment did not resolve the claims

against Eugene or Genette Ruiz, the litigation continued. On June 29, 2021, the

circuit court dismissed Robertson’s claims against the Ruizes, and Rosner then filed

the present appeal.

 Discussion

 Rosner argues that the default judgment entered against him should be

reversed, because the circuit court awarded relief beyond that prayed for in

Robertson’s petition, and because the petition failed to state a claim for relief

against him.

 “Generally, a party may not appeal a default judgment until it has proceeded

with a motion to set aside the judgment as provided under Rule 74.05(d).” AMG

Franchises, Inc. v. Crack Team USA, Inc., 289 S.W.3d 655, 657 (Mo. App. E.D.

2009). Under Rule 74.05(d), a party may seek to set aside a default judgment by
demonstrating “facts constituting a meritorious defense and for good cause shown.”

Rule 74.05(d) requires that the motion be “made within a reasonable time not to

exceed one year after entry of the default judgment.” Thus, “[i]n order to set aside a

default judgment under Rule 74.05(d), the moving party must establish: (1) a

meritorious defense to the suit; (2) good cause for failing to respond to the petition;

and (3) that the motion was filed within a reasonable time not to exceed one year.”

Irvin v. Palmer, 580 S.W.3d 15, 23 (Mo. App. E.D. 2019) (citing Bryant v. Wahl, 502
S.W.3d 9, 13 (Mo. App. W.D. 2016)). “‘Failure to establish either the “meritorious

 4
defense” element or the “good cause” element of a motion pursuant to Rule 74.05(d)

is fatal to the motion.’” Saturn of Tiffany Springs v. McDaris, 331 S.W.3d 704, 709

(Mo. App. W.D. 2011) (quoting Agnello v. Walker, 306 S.W.3d 666, 673 (Mo. App.

W.D. 2010)).

 Although Rosner filed a motion to set aside the default judgment entered

against him, that motion did not seek to satisfy Rule 74.05(d)’s requirements that

Rosner show a “meritorious defense” and “good cause” for his failure to timely

answer Robertson’s petition. And on appeal, Rosner does not argue that he has

satisfied Rule 74.05(d)’s standards.

 Rosner would not have the present right to appeal from the circuit court’s

refusal to set aside the default judgment, even if he had properly invoked Rule

74.05(d). Rule 74.05(d) specifies that “[a] motion filed under this Rule 74.05(d) . . .

is an independent action.” Because it terminates “an independent action,” “the

judgment granting or denying a motion to set aside a default judgment[ ] must meet

the requirements of a judgment under Rule 74.01(a) before it may be appealed” –

including the requirement that the judgment be in writing, and “denominated a

‘judgment’ or ‘decree.’” Cook v. Griffitts, 498 S.W.3d 855, 858 (Mo. App. W.D. 2016)

(dismissing an appeal from the denial of a motion to set aside a default judgment,
where the ruling was not properly denominated as a “judgment”); see also, e.g.,

Kelly-Patel v. Wensel, 588 S.W.3d 604, 608 (Mo. App. E.D. 2019).1

 The circuit court denied Rosner’s motion to set aside the default judgment in

an order which it entered on October 10, 2019. Because that order was not

 1 The same requirement for entry of a “judgment” complying with Rule 74.01 is
applicable in connection with motions for relief from judgment under Rule 74.06(b). State v.
Wright, 499 S.W.3d 361, 367 (Mo. App. W.D. 2016); State v. Callies, 389 S.W.3d 249, 252
(Mo. App. E.D. 2012) (“The independent nature of a Rule 74.06 proceeding requires that a
new final judgment be entered in that proceeding to invoke appellate jurisdiction.”
(citations omitted)).

 5
denominated as a “judgment” or “decree,” it did not finally resolve any “independent

action” which was commenced by the filing of Rosner’s motion to set aside the

default judgment. The circuit court’s October 10, 2019 order was not a final and

appealable judgment.

 Rather than following the typical path of filing a motion to set aside the

default judgment under Rule 74.05(d), and then appealing from a judgment denying

that motion, Rosner has instead taken “the road less traveled,” and appealed

directly from the default judgment.

 Rosner’s appeal is timely. Although the default judgment against Rosner,

Ruiz & Associates, and Ruiz & Company was denominated as a “judgment” when it

was entered on July 29, 2019, the default judgment was not final and appealable at

that time, because it did not resolve Robertson’s claims against the Ruizes, and was

not certified by the court as a partial final judgment. See Rule 74.01(b); Wilson v.

City of St. Louis, 600 S.W.3d 763, 768 (Mo. 2020). Once the circuit court dismissed

Robertson’s remaining claims against the Ruizes in the judgment entered on June

29, 2021, the litigation was finally concluded, and the July 2019 default judgment

thereby became subject to appeal. See State ex rel. Henderson v. Asel, 566 S.W.3d

596, 598 n.2 (Mo. 2019) (“when a judgment is entered in the case disposing of the
last claim, that becomes the ‘final judgment’ for purposes of appeal and it

‘necessarily incorporates all prior orders or judgments that adjudicated some – but

fewer than all – of the claims and the rights and liabilities of all the parties’”;

quoting State ex rel. Koster v. ConocoPhillips Co., 493 S.W.3d 397, 401 (Mo. 2016)).

Rosner filed a notice of appeal on July 8, 2021, which was actually early, since the

judgment did not become final until thirty days after its entry by operation of Rule

81.05(a)(1). Rosner’s premature notice of appeal is “considered as filed immediately

after the time the judgment becomes final for the purpose of appeal.” Rule 81.05(b).

 6
 Although Rosner’s appeal may be timely, the arguments he raises on appeal

do not fall within the narrow category of issues which may be raised in a direct

appeal of a default judgment. Missouri courts have held that a party may directly

appeal from a default judgment in limited circumstances: “appellate courts have

the authority to consider a direct appeal from a default judgment when that appeal

presents questions concerning the trial court's subject matter jurisdiction or the

sufficiency of the plaintiff's petition.” AMG Franchises, 289 S.W.3d at 657 (citing

Cooper v. Cooper, 262 S.W.3d 680, 681 (Mo. App. E.D. 2008), and In re Marriage of

Miller and Sumpter, 196 S.W.3d 683, 689 (Mo. App. S.D. 2006)); see also Latta v.

Mahn, 491 S.W.3d 275, 276 (Mo. App. W.D. 2016); Tan–Tar–A Estates, L.L.C. v.

Steiner, 465 S.W.3d 915, 917 (Mo. App. S.D. 2015).

 The decisions recognizing a right to directly appeal a default judgment

describe two circumstances in which such an appeal is appropriate: (1) where the

appellant challenges the circuit court’s subject-matter jurisdiction; or (2) where the

appellant challenges “the sufficiency of the plaintiff’s petition.” Although these

cases state that challenges to “the sufficiency of the plaintiff’s petition” may be

raised in a direct appeal of a default judgment, these cases should be read as

authorizing a direct appeal only where a party challenges the circuit court’s
jurisdiction to enter a default judgment.

 The statement that “the sufficiency of the plaintiff’s petition” may be

reviewed in a direct appeal of a default judgment originates in Blackmore v.

Blackmore, 639 S.W.2d 268, 269 (Mo. App. E.D. 1982). Blackmore cites two cases

for the principle that deficiencies in the petition can be raised in a direct appeal of a

default judgment: McCrosky v. Burnham, 282 S.W. 158 (Mo. App. 1926), and

Industrial Commission v. Parise, 478 P.2d 137 (Ariz. App. 1970). See Blackmore,

639 S.W.2d at 269. In both of the cases cited by Blackmore, the failure of the
petition to state a claim was treated as a non-waivable jurisdictional defect. Thus,

 7
in McCrosky, the court stated that “[t]here is no question but that [a] defendant has

the right to raise the question [that a petition fails to state a claim] for the first time

on appeal.” 282 S.W. at 160. “In order to entitle defendant to raise the question

that the petition failed to state a cause of action on appeal to this court, he was

neither required to answer nor defend at the trial.” Id. Similarly, in Parise, the

court treated the contention that a petition failed to state a claim as a

“jurisdictional challenge,” an argument that “the judgment is void for lack of

jurisdiction.” 478 P.2d at 138, 139.

 Blackmore relied on an accurate understanding of Missouri law, as it existed

prior to 2009. Prior to 2009, Missouri courts consistently characterized the failure

of a petition to state a claim as a “jurisdictional” defect. See, e.g., Adkisson v. Dir. of

Revenue, 891 S.W.2d 131, 132 (Mo. 1995) (“Failure to state a claim upon which

relief can be granted calls into question the authority of the trial court to enter any

judgment for the plaintiff. The failure to state a claim is related to subject matter

jurisdiction.”); Harding v. State Farm Mut. Auto. Ins. Co., 448 S.W.2d 5, 8 (Mo.

1969) (“‘[I]f a petition wholly fails to state a cause of action, the defect is

jurisdictional and the question may be raised for the first time in the appellate

court.’” (citation omitted)). Moreover, prior to 2012, Rule 55.27(g)(2) provided that a
defendant could raise the argument that a petition failed to state a claim for the

first time “on appeal.”

 This all changed, however, with the Missouri Supreme Court’s seminal

decision in J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. 2009). Although

earlier cases had used the term “jurisdictional” more broadly, Webb held that there

are in reality only “two kinds of jurisdiction: subject matter jurisdiction and

personal jurisdiction.” Id. at 252. “Personal jurisdiction” (which is not at issue

here) “refers quite simply to the power of a court to require a person to respond to a
legal proceeding that may affect the person's rights or interests.” Id. at 253

 8
(citation omitted). On the other hand, “the subject matter jurisdiction of Missouri's

courts is governed directly by the state's constitution. Article V, section 14 sets

forth the subject matter jurisdiction of Missouri's circuit courts in plenary terms,

providing that ‘[t]he circuit courts shall have original jurisdiction over all cases and

matters, civil and criminal.’” Id. (emphasis added by Webb).

 Webb explained that, unless an issue fell within the foregoing definitions of

“personal jurisdiction” or “subject matter jurisdiction,” the issue should not be

characterized as “jurisdictional” at all.

 In evaluating the jurisdiction of circuit courts, there are cases
 that, in dicta, purport to recognize a third concept, “jurisdictional
 competence,” which often is confused with subject matter jurisdiction.
 . . . [T]hese cases generally concern situations in which “there is no
 question as to the court's authority to decide the general issue before
 it, but there is a question whether the issue or parties affected by the
 court's judgment are properly before it for resolution at that time,” or
 where the court “has proceeded ‘beyond the allegations of the pleadings
 and the prayer for relief.’” . . . [T]hese cases “do not question the court's
 subject matter or personal jurisdiction and really go to the court's
 authority to render a particular judgment in a particular case.”
Webb, 275 S.W.3d at 254 (citations omitted). “[T]he courts of this state should

confine their discussions of circuit court jurisdiction to constitutionally recognized

doctrines of personal and subject matter jurisdiction; there is no third category of
jurisdiction called ‘jurisdictional competence.’” Id.

 After Webb, a claim that a petition is defective, and that it fails to state a

claim, cannot be treated as a “jurisdictional” issue. The Missouri Supreme Court

directly addressed this issue in Webb itself: the Court stated that an argument that

a circuit court “‘has proceeded “beyond the allegations of the pleadings and the

prayer for relief”’ . . . does not deal with jurisdiction in the true sense.” Id. Other

cases similarly hold that, after Webb, the contention that a petition fails to state a

claim for relief is not a “jurisdictional” issue. See, e.g., Hollins v. Capital Sols. Invs.

 9
I, Inc., 477 S.W.3d 19, 24-25 (Mo. App. E.D. 2015); A.D.D. v. PLE Enters., Inc., 412

S.W.3d 270, 276–77 (Mo. App. W.D. 2013).

 Similarly, Missouri rules and caselaw now make clear that a contention that

a petition fails to state a claim is waivable, and must be raised in the circuit court in

order to be preserved for appellate review.

 Missouri Rule 55.27 states, “[a] defense of failure to state a
 claim upon which relief can be granted . . . may be made in any
 pleading permitted or under Rule 55.01, or by motion for judgment on
 the pleadings.” Mo. Sup. Ct. R. 55.27(g)(2). Appellant asserts that the
 defense of failure to state a claim upon which relief can be granted is
 “never waived,” and it can be raised “any time, including on appeal.”
 While this was once the case, that changed in 2012 when Rule 55.27
 was amended to delete the phrase “or at the trial on the merits, or on
 appeal.” Stander v. Szabados, 407 S.W.3d 73, 81 (Mo. App. W.D.
 2013). This amendment indicates the defense may no longer be raised
 for the first time on appeal, and must now be raised in any pleading
 permitted by Rule 55.01, or by a motion for judgment on the pleadings.
 Id.
Stephens Cemetery, Est. 1864, Inc. v. Tyler, 579 S.W.3d 299, 305 (Mo. App. E.D.

2019); see also, e.g., Mandacina v. Pompey, 634 S.W.3d 631, 648 (Mo. App. W.D.

2021); Main v. Farris, 561 S.W.3d 104, 106 (Mo. App. S.D. 2018) (“due to the

amendment of Rule 55.27(g), the defense of failure to state a claim is waived when

not presented to the trial court and cannot be raised for the first time on appeal”;

citation omitted); Med. Plaza One, LLC v. Davis, 552 S.W.3d 143, 154 n.5 (Mo. App.

W.D. 2018) (the 2012 amendment to Rule 55.27(g)(2) “mak[es] it clear that the

defense of failure to state a claim must be timely raised in order to be preserved,

and in no manner implicates a trial court's subject matter jurisdiction”).

 Unlike the law in effect at the time of the Blackmore decision, Missouri

courts no longer treat deficiencies in a plaintiff’s petition as fatal defects which

wholly divest the circuit court of jurisdiction to act. And, subsequent to Blackmore,

the Supreme Court Rules have been amended to make clear that claims that a
petition is defective are subject to normal waiver principles, and must be asserted in

 10
the circuit court to be preserved. Given the current state of the law, there is no

justification for permitting such pleading defects to be raised in a direct appeal of a

default judgment – where the defaulting party may never have raised the issue with

the circuit court. Instead, any such purported pleading defects must be raised in

the circuit court in a timely motion to set aside the default judgment, and an appeal

taken from the circuit court’s ruling on the motion to set aside.

 Accordingly, we conclude that after the Webb decision, a direct appeal from a

default judgment is only authorized where the appellant challenges the subject

matter jurisdiction of the circuit court. Rosner’s arguments do not fall within this

narrow category. Rosner’s first Point argues that the circuit court awarded relief

beyond that prayed for in Robertson’s petition. His argument invokes § 511.160,

RSMo, which provides that, where the defendant is in default, “the damages or

other relief shall not be other or greater than that which [the plaintiff] shall have

demanded in the petition, as originally filed and served on defendant.” After Webb,

this claim does not raise a “jurisdictional” issue. “The statutory limitation placed on

the trial court's ability to enter a judgment or fashion a remedy under Section

511.160 simply does not involve the trial court's subject matter jurisdiction.” AMG

Franchises, 289 S.W.3d at 661; accord A.D.D., 412 S.W.3d at 278. No amount of
citation to pre-Webb caselaw can alter the conclusion that § 511.160’s limitation on

a circuit court’s remedial authority does not implicate the court’s jurisdiction.

Whether or not the circuit court awarded relief beyond that prayed for in

Robertson’s petition, the subject matter jurisdiction inquiry is straightforward:

because this “is a civil case[,] . . . the circuit court has subject matter jurisdiction,

and, thus, has the authority to hear the dispute.” Webb, 275 S.W.3d at 254.

 In his second Point, Rosner contends that the default judgment should be

reversed because Robertson’s petition failed to state a claim for relief against
Rosner. As discussed above, however, after Webb the failure of a petition to state a

 11
claim for relief is not considered to be a “jurisdictional” issue. Multiple cases

involving default judgments have recognized that claims of pleading defects do not

implicate the circuit court’s subject matter jurisdiction. See Hollins, 477 S.W.3d at

24-25; Christianson v. Goucher, 414 S.W.3d 584, 591 (Mo. App. W.D. 2013); A.D.D.,

412 S.W.3d at 277 (“after J.C.W. ex rel. Webb, moving to set aside a default

judgment for failure to state a claim does not raise an issue of the circuit court's

subject matter jurisdiction”); AMG Franchises, 289 S.W.3d at 661 (argument that

the plaintiff’s petition failed to state a claim “does not raise the trial court's subject

matter jurisdiction”); see also Forsyth Fin. Grp., LLC v. Hayes, 351 S.W.3d 738, 741

(Mo. App. W.D. 2011) (defendant against whom default judgment was entered

claimed that the petition failed to allege that the plaintiff had acquired contract

rights against the defendant by assignment; even if the pleading was insufficient,

“this pleading deficiency does not indicate a violation of [the defendant’s]

constitutional right of due process”).

 Rosner claims that this caselaw is not applicable here, because the circuit

court awarded “relief that was not just different in kind or magnitude from the

relief actually requested, but . . . was literally absent from the Petition entirely.”

This Court has rejected precisely this argument, however. In Medical Plaza One,
LLC v. Davis, 552 S.W.3d 143 (Mo. App. W.D. 2018), we rejected an appellant’s

argument that a circuit court lacked subject matter jurisdiction to enter a default

judgment where the plaintiff’s petition was not merely deficient, but (according to

the appellant) “wholly failed to state a cause of action.” Id. at 154. We explained:

 [Appellants] . . . attempt to distinguish Webb, arguing that there is a
 difference between a plaintiff's unsuccessful attempt to state a claim,
 and a plaintiff's failure to make any attempt to state a claim.
 Appellants argue that the latter scenario remains a matter of subject
 matter jurisdiction, because as to an unstated claim, there is no “case
 or controversy” before the trial court. Appellants' contention is
 strained and ignores that in this case, there was plainly a civil case or
 controversy before the trial court. As a part of resolving the civil case

 12
 before it, the trial court reached a conclusion about which Appellants
 now complain. Appellants' complaint does not implicate the trial
 court's subject matter jurisdiction, and amounts to no more than a
 claim of legal error subject to traditional appellate review. “Mere error
 does not deprive a court of jurisdiction it otherwise possesses.” State ex
 rel. State v. Parkinson, 280 S.W.3d 70, 72 (Mo. banc 2009). Because
 the trial court had subject matter jurisdiction to enter judgment in this
 case, including a judgment that made a finding that Appellants
 contend exceeded the pleadings, the first point on appeal is without
 merit.
Id. at 155.

 Whatever its defects, the petition in this case was minimally sufficient to

advise Rosner that Robertson intended to seek a judgment against him, and to

advise him of the fundamental nature of Robertson’s claim. Rosner admitted in the

circuit court that he received timely notice of the petition, and of Robertson’s motion

for default judgment. In the affidavit he filed in the circuit court, Rosner

acknowledged that he was aware that Robertson’s petition named him as a

defendant. The petition alleged that Rosner was a principal both of the company

against which Robertson held a substantial judgment, but also of the company

which received the judgment debtor’s assets (allegedly as part of a scheme to

fraudulently deny Robertson relief). Although the petition may not have alleged

specific wrongful acts by Rosner, or requested any specific relief against him, the
petition did allege that, “[b]y virtue of participating in these fraudulent transfers

and conspiring in furtherance of them, as described above, all of the Defendants are

jointly and severally liable.” (Emphasis added.) In his circuit-court affidavit,

Rosner also acknowledged that, based on his review of the motion for entry of a

default judgment, he knew that Robertson was “ask[ing] for ‘Judgment by Default’

against three defendants, including me personally.”

 13
 Conclusion

 Rosner was only entitled to prosecute a direct appeal from the circuit court’s

default judgment to raise issues implicating the court’s subject matter jurisdiction.

The alleged pleading defects Rosner raises on appeal do not present jurisdictional

issues. Because Rosner fails to raise any issues which are cognizable in a direct

appeal of a default judgment, the appeal is dismissed.

 Alok Ahuja, Judge
All concur.

 14