

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| TABATHA MOORE, | ) | No. ED110006 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | |
| | ) | Honorable Patrick L. King |
| DENNIS CROCKER and | ) | |
| ONE STOP MUFFLER, | ) | |
| | ) | |
| Appellants. | ) | FILED: May 3, 2022 |

Dennis Crocker and One Stop Muffler ("Appellants") appeal from a default judgment entered against them and in favor of Tabatha Moore. We must dismiss the appeal because Appellants' claims are not cognizable by direct appeal since the issues they raise do not implicate the circuit court's subject matter jurisdiction.

## Factual and Procedural Background

In March 2021, Moore filed suit seeking damages from Appellants for breach of contract and for conversion or replevin. The petition alleged that Moore contracted with Appellants to perform work on her vehicle and that Appellants (1) failed to perform as agreed, (2) caused damage to the vehicle, and (3) refused to repair or return the vehicle. After Appellants did not file answers or responsive pleadings, Moore filed a motion for default judgment and a notice of hearing. The circuit court heard the matter on July 12, 2021. Appellants did not appear at the hearing.

On August 5, 2021, counsel for Appellants entered his appearance and filed a "Motion to Set Aside Default and/or to Set Aside any Default Judgment" under Rule 74.05(d).[1] Appellants, however, did not file a notice of hearing with regard to their motion, and the circuit court never ruled on it. Instead, on October 6, 2021, the circuit court entered a default judgment in favor of Moore for $35,900 in damages plus $1,500 in attorney fees. In its judgment, the circuit court found that Appellants were duly served but failed to appear at the July 12, 2021 hearing and were in default. Appellants now appeal directly from the default judgment.

## Discussion

Appellants raise six points on appeal. They contend the circuit court erred in entering the default judgment because: (1) Moore's petition failed to state a claim upon which relief could be granted, there was insufficient evidence to prove the claims, and her testimony constituted perjury; (2) the damages award was not supported by the evidence; (3) there was no basis on which to award attorney fees; (4) service of process was improper; and (5) the trial judge should have recused. In their sixth point, Appellants assert the default judgment is directly appealable because their claims challenge the sufficiency of the petition and the circuit court's personal jurisdiction over them. In addition to responding to the merits of these claims, Moore has filed a motion to dismiss the appeal, asserting that Appellants cannot appeal directly from the circuit court's default judgment. For the following reasons, we grant the motion to dismiss the appeal.

Rule 74.05 governs default judgments and relief therefrom. It provides that a party against whom a default judgment has been entered may file a motion to set aside that default judgment "within a reasonable time not to exceed one year after the entry of the default judgment." Rule 74.05(d). A motion filed under Rule 74.05(d) is "an independent action," and a court's ruling on

---

[1] All rule references are to the Missouri Supreme Court Rules (2021).

a motion to set aside is eligible for immediate appellate review if it meets the requirements of a final judgment under Rule 74.01(a). *Robertson v. Rosner*, 641 S.W.3d 436, 439-40 (Mo. App. W.D. 2022). The "typical path" for appellate review of a default judgment is "filing a motion to set aside the default judgment under Rule 74.05(d), and then appealing from a judgment denying that motion." *Id.* at 440.

Appellants did not follow that procedure in this case. Instead, they filed a Rule 74.05(d) motion to set aside any default judgment before the circuit court actually entered the default judgment. As noted, Appellants never filed a notice of hearing with regard to their motion. And once the circuit court entered the default judgment, Appellants directly appealed that judgment instead of requesting the circuit court to rule on their Rule 74.05(d) motion.

Appellate courts have authority to consider a direct appeal from a default judgment only in the limited circumstance where an appellant challenges the circuit court's subject matter jurisdiction. *Id.*; *AMG Franchises, Inc. v. Crack Team USA, Inc.*, 289 S.W.3d 655, 657 (Mo. App. E.D. 2009). Here, Appellants contend their direct appeal of the default judgment is proper because they challenge the sufficiency of the petition and the circuit court's personal jurisdiction over them. But the issues Appellants raise do not implicate the circuit court's subject matter jurisdiction. *See AMG Franchises*, 289 S.W.3d at 659-61 (explaining that neither claim that petition failed to state a claim nor that trial court granted relief exceeding that demanded properly articulated a challenge to trial court's subject matter jurisdiction); *Robertson*, 641 S.W.3d at 441-42 (explaining that "a claim that a petition is defective, and that it fails to state a claim, cannot be treated as a 'jurisdictional' issue," and differentiating between personal and subject matter jurisdiction).

Because Appellants assert no challenge to the circuit court's subject matter jurisdiction, this appeal does not fall within the limited exception allowing us to consider a direct appeal from

a default judgment instead of an appeal from the denial of a motion to set aside the judgment. *See Robertson*, 641 S.W.3d at 444-45; *AMG Franchises*, 289 S.W.3d at 660-61. We must therefore dismiss the appeal. *See Robertson*, 641 S.W.3d at 445; *AMG Franchises*, 289 S.W.3d at 657.

### Conclusion

For the foregoing reasons, we dismiss the appeal. All other pending motions are denied.

_____
MICHAEL E. GARDNER, Presiding Judge

James M. Dowd, J., concurs.
Lisa P. Page, J., concurs.